Worthington v. Miller's Adm'r.

CASE 45—PETITION ORDINARY—MARCH 8.

# Worthington v. Miller's Adm'r.

APPEAL FROM KENTON CIRCUIT COURT.

EVIDENCE AS TO TRANSACTION WITH DECEDENT.—In an action against a firm by the representative of a decedent, one of the partners can not, by permitting judgment to go against him, render himself a competent witness for the other partners as to a transaction with the decedent.

In this case the partner against whom judgment has been rendered is held not to be a competent witness for the other partners for the purpose of proving payment to the decedent.

HALLAM & MYERS FOR APPELLANT.

After judgment was rendered against Whipps he was a competent witness for appellant to prove payment. The reversal of the judgment upon Worthington's appeal did not affect Whipps.

J. F. & C. H. FISK FOR APPELLEE.

1. The question as to the competency of Whipps' testimony was settled upon the first appeal in this case, and can not be reopened. (Miller's Adm'r v. Worthington, &c., MS. Op., March 20, 1879.)

2. The reversal of the judgment upon Worthington's appeal operated as a reversal as to both defendants, the judgment being an entirety, and a new trial was had as to both Worthington and Whipps.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This case has been heretofore in this court, once on the appeal of Miller's administrator, and once on the appeal of Worthington, and is now here for the third time. The action was instituted by the administrator of Miller on the following obligation : "Due John I. Miller two hundred and thirty-five dollars and forty cents. James Whipps & Co." The action being against the firm of James Whipps & Co., the petition alleging that James Whipps and Henry Worthington were members, and that Wilcox, the other member, was dead or had retired

from the firm. Worthington denied by his answer the existence of any such firm, or that Whipps had any authority to sign his name to such a paper, or to make him liable as a member of a firm to which he never belonged. That Whipps was the mere agent to purchase tobacco for him (Worthington) and Wilcox, and without any power to sign their names in any way to paper evidencing an indebtedness. He further pleaded payment to the intestate for the tobacco for which this note was executed. Issues were made as to the existence of the partnership and on the plea of payment.

When the case was here on the appeal of the administrator of Miller, it was held that Whipps, being sued as a member of the firm, was incompetent to testify as to the payment by him to the intestate, and a reversal on that account was had. When it went back there was a judgment against Worthington and James Whipps that was brought here on Worthington's appeal, and reversed on account of an erroneous instruction.

Whipps did not appeal, but the supersedeas was executed by Worthington, and the case sent back, the judgment being reversed, leaving, as Worthington contends, the judgment in full force as to Whipps, but reversed as to him, Worthington.

On the return of the case Worthington offered Whipps as a witness to prove payment, insisting that the latter was no longer a party to the action, and had no interest in the result. The court refused to permit the witness to testify, and this is the error complained of.

Whipps was insolvent, and, therefore, was not particularly interested in the result. Whether solvent or

insolvent, and waiving the question that as the obliga-
tion sued on was a firm liability, and proceeded on as.
such, the judgment was a unit. It seems to us that.
the individual liability assumed by one partner in per-
mitting judgment by default to go against him can not
render him a competent witness to testify for the other
partners with reference to the same transaction as to
what transpired between the witness and the dead man
as to the payment of this note. If paid, it relieves the
partnership from any liability for the debt, and while
the partnership assets might be amply sufficient to
satisfy the judgment, a member of the firm is permit-
ted to testify as against the intestate that he paid to
the intestate in his lifetime the entire amount, thereby
exonerating the firm from the payment of the firm
debt.

The firm is the party defendant to the action, and no
member of it can testify as to transactions with the
decedent so as to absolve the firm from its obligation.
There was no error, therefore, in refusing to permit
the witness to testify.

Judgment affirmed.