CASE 69—PETITION ORDINARY—JANUARY 30.

## Cobb's Adm'r v. Wolf.

APPEAL FROM OWEN CIRCUIT COURT.

1. INSURANCE—EXPERT TESTIMONY.—In this action upon a note executed for a premium on a policy of life insurance, the defense being that the policy was accepted upon condition that it was exactly like a policy in another company which defendant was induced to surrender, and that if it proved upon examination not to be like the surrendered policy he was to have the right to return it, testimony as to certain differences existing between the policies was incompetent, the witness not testifying that he was an expert, nor to any facts which would enable the court to determine as to his competency to testify in relation to such matters.

2. EVIDENCE AS TO TRANSACTION WITH DECEDENT.—An agent may testify for his principal as to transactions had by him as such agent with a person who is dead at the time he offers to testify.

E. E. SETTLE FOR APPELLANT.

1. The brother of defendant who acted as his agent in the transaction in question was not a competent witness for defendant, the person with whom the transaction was had being dead. (Civil Code, sec. 606.)

2. Even with all the incompetent testimony in, no defense is shown to the note, and the court should have taken the case from the jury.

Cobb's Adm'r v. Wolf.

LINDSAY & BOTTS FOR APPELLEE.

1. The policy of the New York Life Ins. Co, which was by appellant delivered to appellee, was not like, nor substantially like, the policy of the Mutual Life Ins. Co. of New York in terms, conditions or benefits.

2. The witness, A. Wolf, was in no sense an agent of appellee, and was competent to testify.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This action is upon a note executed by the appellee to William Cobb, now deceased, for premiums on a policy of life insurance in the New York Life Insurance Company, he then being the agent of the company. As a defense to the note, it is claimed that the appellee held a policy on his life for five thousand dollars in the Mutual Life Insurance Company of New York, upon which he had paid one premium. To induce him to surrender that policy, the decedent agreed to deliver to him a policy in the New York Life Insurance Com-. pany exactly like the policy which he then held in the Mutual Life Insurance Company of New York; and, further, to prevent any loss in consequence of the premiums paid to that company, appellee was to be released from certain payments of premiums.

The decedent did deliver to appellee a policy in the New York Life Insurance Company, but it is claimed that it was accepted on condition that it was to be like the policy which he held in the other company named, and if it proved not to be on examination, it was to be returned to him. It was tendered back to the decedent as well as to the company, but both refused to receive it. It is claimed in many material respects it is unlike the policy which appellee held in the Mutual Life Insurance Company of New York,

the pleadings filed by appellee pointing out particularly wherein the policies differed.

The policy which appellee held in the Mutual Life Company, as well as the one in the New York Life, were in evidence before the jury. On the trial of the case the jury found a verdict for appellee. A number of errors are claimed to have been committed on the trial of the case. It was an error for the court to admit the testimony of H. F. Duncan in relation to certain differences existing between the policy which appellee held in the Mutual Life and the policy in the New York Life which was delivered to appellee. The witness did not testify that he was an expert in such matters, nor to any facts which would enable the court to determine as to his competency to testify in relation to such matters. His testimony was prejudicial to appellant. For this error the case should be reversed..

It is very questionable if the proof was sufficient to authorize the jury in finding a verdict for appellee, because of the meagerness of the evidence touching the contract growing out of which the note was executed, but as the case goes back for a new trial for the reason given above, it is unnecessary to pass upon this question.

There is another question which is important to be determined. Is A. Wolf competent to testify as to such facts as are known to him in relation to the contract? It is admitted that he was the agent of appellee in making the contract with the decedent.

The court below ruled that as he was such agent, and William Cobb being dead, he was not competent

to testify as to any conversation he may have had with the decedent, William Cobb, or as to any conversation which Cobb may have had in his presence in regard to the contract or note at such times as he, the witness, A. Wolf, was agent or acting for appellee. .

It was an error in the court to so rule. The court evidently proceeded upon the idea that while the witness was acting as the agent of appellee, he occupied the position with reference to testifying as though he were a principal, thus not being competent to testify concerning any verbal statement of, or any transaction with, or any act done by, decedent. Under section 606, Civil Code of Practice, the appellee could not so testify, but there is nothing in the section, or in any of the subsections, which prevented the admission of the testimony of his agent. It is competent for an agent who acts for a party in a transaction with one afterwards dying to testify for his principal concerning any verbal statement of, or any transaction with, or any act done by, the decedent. There is no reason why there should be such rule as would preclude him from doing so. The agent has no pecuniary interest in the result of the litigation. He incurs no financial loss nor gains any material benefit by the result.

The purpose of the law was to protect the estates of dead men by not allowing the one who is to profit by the litigation, to testify concerning any verbal statements of, or any act done by, the decedent, nor as to any transaction with him. The wisdom of this provision is evident. Were it otherwise, the estates of dead men would become a prey to the rapacity of perjurers. The agent being free from the motive of

profit which his principal possesses has not been declared incompetent as a witness as to the acts, etc., of a decedent.

Judgment reversed, with instructions that a new trial be granted appellant, and for further proceedings consistent with this opinion.