## Goff v. Goff's Executors, et al.

(Decided June 8, 1917.)

### Appeal from Barren Circuit Court.

1. Witnesses—Competency—Transaction With Decedent—Joint Interest.—Under Civil Code of Practice, section 606, subsection 2, disqualifying one to testify for himself concerning verbal statements of, or transactions with, or acts done by, deceased, one of two joint grantees of deceased cannot testify for himself or for the other as to the delivery of the deed.

2. Witnesses—Competency—Transaction With Decedent—Several Interest.—Under Civil Code of Practice, section 606, subsection 2, disqualifying one to testify for himself concerning verbal statements of, or transactions with, or acts done by, deceased, grantees in separate deeds may testify for each other as to the delivery of the deeds in which they have no interest.

W. L. PORTER for appellant.

BAIRD & RICHARDSON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Overruling petition for rehearing.

In her petition for rehearing, appellant makes the point that the delivery of the deeds from J. E. Goff to J. A. and J. W. Goff, and to Pauline Goff, was not properly proved. In this connection our attention is called to the fact that it was stated in the original opinion that Clifton Goff, the son of J. E. Goff by his first marriage, testified that J. E. Goff delivered the deeds in question to his two sons, J. A. and J. W. Goff, and to his daughter, Pauline. While it is true that this statement was inadvertently made, the record does show that J. A. Goff, J. W. Goff and Pauline Goff all testified to the delivery of the deeds on Sunday morning, March 29, 1914. Their depositions were excepted to on the ground that the witnesses could not testify to any verbal statement of, or any transaction with, or any act done by, their father, who was then dead. The chancellor overruled the exceptions to the extent of permitting each of the witnesses to testify for the others, but sustained the exceptions to the extent that each testified for himself. Of the two deeds in question, one was made to J. A. and J. W. Goff jointly, while the other was made to Pauline individually. Since the interests of J. A. and J. W.

Goff were joint, and not several, neither could testify for himself or for the other, but both could testify for Pauline, whose interest was separate and distinct from theirs. For the same reason, Pauline could testify for J. A. and J. W. Goff. Beach v. Cummins, 13 R. 881, 18 S. W. 360; Story v. Story, 22 R. 1731, 61 S. W 279; Schonbachler v. Mischell, 121 Ky. 498, 89 S. W. 525; Barnett's Admr. v. Adams, 26 R. 622, 82 S. W. 406; Dunbar, et al. v. Meadows, et al., 165 Ky. 275, 176 S. W. 1167. When the testimony of these witnesses, thus limited, is considered in connection with the other circumstances in the case, we see no reason to disturb the finding of the chancellor, or our former conclusion, that the deeds in question were actually delivered.

Wherefore, the petition for rehearing is overruled.