## Cain v. Levy.

(Decided February 1, 1918.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Fourth Division).

1. Witnesses—Competency — Joint Interest — Statement of Person Since Deceased.—In an action against the joint makers of two promissory notes, one of them, though not served with summons, was not competent to testify for the other as to statements made by the payee's agent who was then dead.

2. Fraud—Stock and Stockholders—Sale of Stock—False Financial Statement.—Vice President and Director—Constructive Knowledge —Actual Knowledge—Evidence.—Plaintiff, who was vice president and director of a corporation, sold her stock to the president and others acting jointly with him. The president had the bookkeeper of the corporation prepare a financial statement which it is claimed was false and induced the purchase. Held, in an action by plaintiff to recover on notes executed in part payment of the stock, that inasmuch as the transaction was a private one and involved the performance of no official duty on the part of plaintiff, she should not be charged with constructive knowledge of either the preparation, falsity, or use of the financial statement, and as there was no competent proof that she or her agent making the sale had actual knowledge of such facts, the defense of fraud and misrepresentation was not made out, and the trial court properly directed a verdict in her favor.

L. A. HICKMAN for appellant.

KOHN, BINGHAM, SLOSS & KOHN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On November 23, 1915, Matilda G. Levy sold to D. L. Cain, Jacob Christ and H. C. Bruner fifty-five shares of the capitol stock of the Old Mission Furniture Company for the sum of $1,100.00, or at the rate of $20.00 per share. Of the purchase price $300.00 was paid in cash, while the balance was represented by two notes of $400.00 each, dated November 23, 1915, and due in four and six months respectively, and executed jointly by D. L. Cain, Jacob Christ and H. C. Bruner.

This suit was brought by Mrs. Levy to recover on the notes. Christ was not served with summons and Bruner permitted judgment to go against him by default. Cain defended on the ground of fraud and misrepresentation on the part of Mrs. Levy's agents in effecting the sale of

the stock and asked a rescission of the contract of sale, and a cancellation of the notes sued on, and counter-claimed for the $300.00 theretofore paid. At the conclusion of all the evidence, the court directed a verdict in favor of plaintiff, and Cain appeals.

Cain's defense is that he was induced to purchase the stock by the false statements of Aaron Kohn, plaintiff's agent, that the stock in question was worth 35 cents on the dollar and that he could sell the stock for that sum, and by the false financial statement of the condition of the Old Mission Furniture Company, prepared and furnished him by H. C. Bruner, who likewise acted as plaintiff's agent.

At the time the testimony was taken Mr. Kohn was dead, and the only proof of any statements made by him was contained in a deposition given by Christ. Exceptions were sustained to that part of his testimony, and the testimony excluded from the consideration of the jury. Cain contends that this was error because the jury might have found in his favor and against Christ. This is not a case, however, where the liability of the two defendants was separate and distinct. It is a case where the notes were the joint obligations of both Cain and Christ and their liability was clearly joint. Even though Christ had not been served with summons, he was necessarily interested in defeating the suit against Cain, for in that event he would have been released from all liability by way of contribution. And being jointly interested with Cain in defeating the notes, it follows that there was no possible way for him to testify for Cain without necessarily testifying for himself, which the code clearly prohibits. Civil Code, section 606, subsection 2; Worthington v. Miller, 85 Ky. 320, 3 S. W. 532; Barnett's Admr. v. Adams, 26 Ky. Law Rep. 622; Dunbar v. Meadows, 165 Ky. 275, 176 S. W. 1167; Gerhart v. Straeffer's Executor, 172 Ky. 823, 189 S. W. 1141; Goff v. Goff's Ex'ors, et al., 176 Ky. 243, 195 S. W. 438.

It is next insisted that the evidence concerning the preparation, falsity and delivery of the financial statement of the Old Mission Furniture Company, was sufficient to take the case to the jury on the question whether the sale of stock was induced by misrepresentation and fraud. In this connection it is argued that as the evidence showed that Mrs. Levy was not only the vice-president and director of the corporation, but was frequently at the office and looked over the books, she will be presumed

not only to know the falsity of the financial statement inducing the purchase of the stock, but that the statement was made by the corporation to Cain, and the burden was, therefore, on her to show that she did not know that any such statement had been presented to Cain. There was an utter failure to prove that H. C. Bruner was the agent of Mrs. Levy. On the contrary, it appears that although he was president of the corporation, he requested the bookkeeper to prepare the statement and used it for his own information as well as that of Cain and Christ, the joint purchasers of the stock. This is not a case where the stock of a corporation was sold by the corporation itself on the faith of a financial statement issued by the authority of the board of directors or by the officers of the corporation pursuant to a statute, with the knowledge and acquiscence of the directors. It is simply a case where the vice president and director of a corporation, acting solely in the capacity of an individual stockholder, sold her stock to the president of the corporation and others jointly interested with him. Under these circumstances, the sale was a private transaction and involved the performance of no official duty on the part of Mrs. Levy. That being true, there is no basis whatever for the claim that she should be charged with constructive knowledge of either the fact that the statement was prepared, or that it was false, or that the purchasers were thereby induced to buy the stock; and there being no competent proof that either she or her agent had actual knowledge of these facts it follows that the plea of fraud and misrepresentation in sale of the stock was not sustained, and the trial court properly directed a verdict in favor of plaintiff.

Judgment affirmed.