## Coombs Land Company v. Gross, et al.

(Decided November 19, 1926.)

### Appeal from Harlan Circuit Court.

1. Boundaries.—Natural objects should prevail over courses and distances in determining boundaries.

2. Boundaries—Boundary Held to Run from Corner of Certain Leased Property to Hackberry Tree, as Described in Deed, though Inaccurate Distance was Given.—Boundary held to run from corner of certain leased property to hackberry tree, as described in deed though length of such line was 430 feet, more or less, instead of 200 feet, more or less, as given in deed.

3. Champerty and Maintenance.—Deed attempting to include land already conveyed to another by grantor and in possession of such other held champertous and void.

4. Champerty and Maintenance.—Champerty need not be expressly pleaded.

5. Ejectment.—In ejectment, evidence that plaintiff allowed defendant to pay paving assessment on lot in dispute held competent.

6. Appeal and Error—Alleged Error in Allowing Witness to Leave Courtroom Without Being Excused Held Not Available on Appeal.—Alleged error in allowing witness to leave court, without being excused, depriving plaintiff of further cross-examination, held not available on appeal, where it was not embodied in bill of exceptions and did not appear in record.

7. Trial.—Refusal of instruction on question covered by another instruction held not error.

8. Trial—Instructions as to Descriptions in Deed Held Objectionable as Singling Out Evidence.—Instruction to consider all descriptions in deed in locating fence, including statement in deed that lot was opposite intersection of certain street and road, held objectionable as giving undue prominence to certain portions of evidence.

HALL, LEE & SNYDER for appellant.

G. J. JARVIS and J. G. FORESTER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellant, whom we shall call the plaintiff, sued the appellees, whom we shall call the defendants, in ejectment, and sought to recover a lot situated on the south side of what is now Clover street in section D of Ivy Hill Addition to Harlan, Kentucky.  Both plaintiff and defendants claim to have derived title to this property through Josephine A. Coombs, who formerly owned it and other property adjoining.  On June 10, 1912, Mrs. Coombs and her husband conveyed to Nathan Osborne, by a deed which is now of record in deed book 38 at page 429 in the office of the clerk of the Harlan county court, the following property:

> "A small parcel or strip of land, lying on Clover fork near the town of Harlan, Kentucky, being on the Clover fork county road, and south thereof, opposite or nearly opposite the point where the extension of Mound street will intersect the Clover fork road:
>
> "Beginning at a point at the southerly edge of Clover fork road at the northwest corner of property now under lease from Josephine A. Coombs to Garfield Lyttle; thence in a southerly direction with the western line of said lease (marked by a fence) to the river; thence west with the river to a hackberry tree at the mouth of a small drain, a distance of 200 feet more or less; thence northwardly with the drain to the road; thence eastwardly with the southerly edge of the county road to the beginning."

This description is not as definite as it might have been made, and out of the vagueness of it, has this controversy arisen.  Immediately after the execution of this deed, Osborne took possession of, built a house upon, fenced, began to cultivate, and to exercise other acts of ownership over a tract of land which he claimed to have acquired under this conveyance.  After that, on November 24, 1914, Mrs. Coombs conveyed to one Fox a large boundary of land, excepting therefrom, however, the land conveyed to Osborne, and on May 22, 1915, Fox conveyed this land to plaintiff.  The north line of the property conveyed to Osborne is fixed and definite, for this land is bounded on the north by what was formerly the Clover

fork road, which is now Clover street. The southern
boundary of this land is Clover fork of the Cumberland
river, and it is fixed. The east and west lines are not
so definitely located, and in this litigation it is the east
line that is the storm center of the controversy.

To us it appears that the evidence fixes the location
of this east line beyond question. The source of all this
controversy is the length of the second line, which is
given as 200 feet, more or less, whereas that line, judging
from the property that Osborn took possession of, should
have been about 430 feet, more or less. At least, that is
the impression we gather from the record. In the case
of Rush v. Cornett, 169 Ky. 714, 185 S. W. 88, we said
that natural objects should prevail over the courses and
distances. In the case of Gilbert, et al. v. Parrott, 168
Ky. 599, 182 S. W. 859, we said the same. Applying that
rule to this case, it follows that by this conveyance Os-
borne acquired title to all the property bounded on the
north by Clover street, on the east by the Garfield Lyttle
lease, on the south by Clover fork of Cumberland river,
and on the west by a line running from a hackberry tree
at the mouth of a small drain in a northwardly direction
to Clover street. The proof shows that Osborne took pos-
session of that, and was in possession of it when Mrs.
Coombs conveyed the remainder of her land therabout
to Fox, and when Fox conveyed to the plaintiff. In that
state of affairs, any attempt to include in these convey-
ances any land that was in possession of Osborne was
champertous, and the court should have instructed the
jury peremptorily to find for the defendants; as the de-
fendants' land is a portion of the land conveyed to Os-
borne, it is included within this boundary and is a part
of the land of which Osborne took possession. Champerty
need not be expressly pleaded. Kentina-Puckett Corpora-
tion v. Simpson, 196 Ky. 246, 244 S. W. 699. The demur-
rer to the defendants' answer was properly overruled.
Plaintiff has pointed out no competent evidence which
it was not allowed to introduce, and the evidence intro-
duced by the defendants of which it is complaining was
competent. That evidence was that when the city of Har-
lan caused Clover street to be paved and improved, the
plaintiff stood by, said nothing, and allowed Gross to pay
the assessment made against this lot for the improvement
of the street in front of it.

Its fourth ground for a reversal is that the witness Nathan Osborne was permitted to leave the court without being excused, and the plaintiff, who desired to further cross-examine this witness, was thus deprived of an opportunity of so doing. We have often written that errors occurring upon the trial of a case that do not appear in the record, must be embodied in the bill of exceptions. We have often stated this rule, and in the case of Hopkins v. Com., 210 Ky. 378, 275 S. W. 881, we gave the reason for its adoption, and as there is nothing in the bill of exceptions to show that this occurred, that alleged error is not available to the plaintiff.

The plaintiff offered four instructions. The court gave the first one, and refused to give the other three, and it is asking us to reverse this judgment because of that. The instruction B offered by the plaintiff would have been a splendid instruction to have given in this case. It is almost identical with an instruction prepared by this court in Paducah Cooperage Co. v. Paducah Veneer & Lumber Co., 135 Ky. 53, 121 S. W. 986; but after the court gave instruction I, offered by the plaintiff, there was no occasion to give other and further instructions upon the same question. The same applied to instruction C, which was merely the converse of instruction B. The plaintiff offered this further instruction:

> "The court further instructs the jury in arriving at the location of the fence mentioned in the deed you should take into consideration all other descriptions in said deed fixing the location of the lot, including the statement therein that said lot is opposite or nearly opposite the intersection of Mound street with the Clover fork road."

This instruction is objectionable because it singles out and gives undue prominence to certain portions of the evidence, and such instructions we have frequently condemned. See cases cited under sections 36 and 661, Hobson's Instructions to Juries.

The sixth, seventh, eighth and ninth grounds upon which it relies for a reversal all amount to the same thing. That is, that the verdict is against the weight of the evidence, not sustained by the evidence, result of passion and prejudice, awarded in disregard of the evidence, and sustained by no competent evidence. In aswer to all of which we will say that the jury could not, under the

evidence, have reached any conclusion other than the one they did, and moreover, the court should, as we have stated, have directed the jury to return a verdict for the defendant, because plaintiff is claiming under a champertous deed.

The judgment is affirmed.