## Henry Taylor, Administrator v. Bradley Taylor, et al.

(Decided December 17, 1926.)

### Appeal from Pike Circuit Court.

1. Witnesses—Testimony of Witnesses in Interest as to Occurrences Between Them and Deceased Held Improperly Admitted (Civil Code of Practice, Section 606, Subdivisions 2, 3):—Under Civil Code of Practice, section 606, subdivision 2, defendants, in action to recover notes claimed to have been owned by plaintiff's intestate, held improperly permitted to testify for themselves as to occurrences between them and deceased at time of alleged assignment, notwithstanding that their testimony was rebuttal, under subdivision 3.

2. Witnesses—Uninterested Witness Held Competent to Testify of Occurrences Between Defendants and Deceased, Though he was Party to Action.—One not interested held competent to testify as to occurrences between deceased and defendants at time of alleged assignment of note by deceased, though he was a party to the action to cancel the assignment.

3. Trial—Instruction, Failing to Submit Issue of Assignment of Note as Made by Pleadings, Held Erroneous.—Instruction, authorizing recovery on notes executed by plaintiff's decedent, unless decedent had mental capacity when he assigned notes, without submitting

issue of assignment of notes for valuable consideration as made by pleadings, held erroneous.

4.   Bills and Notes—Defendants Must show Assignment of Notes for Valuable Consideration After Pleading it.—Under answer alleging assignment of notes to defendants by plaintiff's intestate for valuable consideration, defendants must show such assignment.

5.   Bills and Notes—Attaching Mark to Notes Must be Consciously Performed to Constitute Valid Assignment.—Act of attaching mark to notes, alleged to have been assigned, was not act of assignor unless consciously performed.

ROSCOE VANOVER for appellant.

A. F. CHILDERS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Henry Taylor died a resident of Pike county on August 8, 1924. J. M. Taylor qualified as his administrator. He filed the first of these actions against Lacey Cassidy charging that Lacey Cassidy had in his hands without right a note for $1,000.00, executed to the intestate by Bradley Taylor, and was wrongfully claiming to be the owner of the note. He prayed judgment that Cassidy be required to deliver the note to him. Cassidy answered denying the allegations of the petition and pleading that Henry Taylor on August 1, 1924, sold and assigned the note to him for a valuable consideration and that he was the owner of the note. The affirmative allegations of the answer were denied by reply, and in the reply it was further pleaded that the deceased, Henry Taylor, was very old and sick and did not have sufficient mental capacity to know or comprehend what he was doing at the time of the alleged assignment.

The administrator brought a similar suit against Bailey Fraley charging that Fraley had wrongfully in possession a note executed to the intestate by Colonel Blackburn and Floyd Burchett for the sum of $300.00. He also brought another suit against Bailey Fraley charging that Fraley had wrongful possession of a note executed to the intestate by Bailey Taylor for $250.00. Fraley's answer was the same as Cassidy's and by consent the pleadings in that case were considered as the pleadings in all the cases.

The three cases were heard together; the jury found for the defendants. Plaintiff appeals.

The facts shown by the record are these: Henry Taylor was about seventy-five years old. He owned a large body of land and had $12,000.00 in money and personal property. He was naturally a good business man, looking closely after his farms and lending money. Six or seven years before his death he became afflicted with rheumatism and what is called rheumatic paralysis ensued. He lost entirely the use of his arms and legs. He could not walk, he could not use his arms. When he was lying in bed his arms or legs simply lay where they were placed by someone until they were moved. The muscles became rigid. The fingers of the hands were so stiff and drawn that cotton had to be kept between the fingers and the palm of the hand. Some years before his death Lacey Cassidy and Bailey Fraley moved into Taylor's house to take care of him, and they did take care of him until he died. There is some evidence tending to show that he and Cassidy had a settlement about a year before he died. This evidence is sustained by the fact that he was a prudent business man who believed in the principle of "paying as you go," and was a money lender, and, in fact, was lending out money about this time.

On October 31, 1923, Henry Taylor executed a deed to Bailey Frailey and wife for a tract of land worth between $5,000.00 and $6,000.00, in consideration of their services in nursing and caring for him during the remainder of his life with all due diligence and skill. This deed also provided that Fraley and wife should have the use of the houses, barns and outbuildings, together with one-half of the rental products of the farm while performing their duty under it.

On August 1, 1924, Bradley Taylor, Bailey Fraley and Lacey Cassidy being present, the thousand dollar note was assigned by Henry Taylor to Lacey Cassidy and the other two notes were assigned by him to Bailey Fraley, Bradley Taylor witnessing the first assignment and Cassidy witnessing the assignment on the other two notes. Henry Taylor's name was made by mark.

The proof for the plaintiff is to the effect that for three or four weeks before August 1st the old man was suffering with uremic poisoning and was entirely without mind on August 1st. He could not talk so anybody could understand what he said, he could not move hand or foot and was as helpless as an infant. On the other hand, the evidence for the defendants is to the effect that those

about him could understand what he said when he made a sound and that his mind was not so affected as that he did not fully understand what he was doing. There was nobody present when the assignment was made except the three persons named and they were all nephews of Henry Taylor. He had neither wife nor child but had a number of collateral relations.

On the trial of the case the circuit court allowed Cassidy and Fraley each to testify fully for himself as to all that occurred between him and Henry Taylor, including what occurred when the assignment was made. This evidence was all objected to and the objections should have been sustained. It is insisted that the evidence was properly admitted because they testified in rebuttal. By subsection 3 of section 606 of the Code, no person shall testify for himself "in chief" after introducing other testimony for himself in chief. It has been held under this subsection that a person may testify in rebuttal for himself after introducing other testimony, but this is because of the wording of the statute, which only applies to testimony in chief. It has never been held that evidence of a person for himself under subsection 2 of section 606 could be admitted because it was given in rebuttal. Subsection 2 is not confined to testimony in chief. By its terms it applies to all testimony, whether in chief or in rebuttal. The purpose of the statute is to put the parties on equality, and as the lips of the dead are sealed the lips of the living are also closed as to transactions between them. At common law no party could testify for himself, and the common law is still in force except as modified by the statute.

Cassidy and Fraley may each testify for the other but neither of them can testify for himself as to any transaction with the decedent or anything said or done or omitted to be said or done by the decedent. If the cases are again tried together the court should carefully so admonish the jury.

Bailey (W. B.) Taylor, although a party to the action, is not testifying for himself, for he is not interested in who holds the notes so far as appears in the record. Unless he has some interest in the result of the action he may testify as to the acts of the decedent or what he said or omitted to say, and so may the makers of the other note.

The rule is that the case must be tried upon the issues made by the pleading. The defendants alleged that the intestate assigned the notes to them for a valuable consideration. This was denied. They did not allege that the notes were given to them, and without an amendment of the pleading it was necessary for them to show that the notes were assigned for a valuable consideration. While there was no direct evidence that Henry Taylor did not make his mark to the notes, there was evidence showing that he was unconscious and in such a condition that he did not know what he was doing for two weeks before he died. The act was not his unless it was consciously performed, and if there is any evidence the question must be submitted to the jury. The instructions of the court were, therefore, improper telling the jury to find for the plaintiff unless Henry Taylor had not mental capacity at the time he assigned the notes. The whole issue as made by the pleadings should have been submitted to the jury.

There was no allegation of undue influence and it was not pleaded that the intestate was under the control of the defendants at the time the alleged assignment was made. No facts were pleaded bringing the case within the rule requiring full proof of contracts so made, as held by this court in Swords v. Fields, 192 Ky. 629; Hitchcock v. Tackett, 208 Ky. 803; Ross v. Ross, 216 Ky. 577. The court, therefore, did not err in not giving an instruction on this subject under the pleadings. The allegations of the answer cured any defect in the petition.

Judgment reversed and cause remanded for a new trial.