## Farris' Executors v. Blue et al.

(Decided November 13, 1928.)

### Appeal from Crittenden Circuit Court.

Witnesses.—Under Civil Code of Practice, sec. 605, defendant, against whom judgment on note was rendered by default, could testify in behalf of codefendants that he arranged loan with deceased payee, and told him that codefendants would sign it as sureties, which they did, since judgments against codefendants would have reduced his admitted liability, and in testifying in their behalf he was testifying against, not for, himself, within meaning of section 606, subsec. 2.

CHARLES FERGUSON for appellants.

C. S. NUNN and J. A. MOORE for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

The personal representative of J. A. Farris, deceased, sued J. H. Moore, J. W. Blue, and T. H. Cochran on a promissory note of $1,000, dated January 22, 1915. Moore failed to answer, and judgment was rendered against him by default. Blue and Cochran answered, alleging that Moore was principal, and they were only sureties on the note; that more than seven years had elapsed since its maturity; and they pleaded and relied on the seven-year statute of limitation in bar of a recovery. This pleading was controverted. Proof was taken on this issue, and it was submitted to the jury under a proper instruction. A verdict and judgment in favor of defendants followed. Appellants appeal.

On the trial, Moore was introduced as a witness for the defendants, and over the objection and exception of plaintiff testified that he borrowed the money for himself; that he arranged the loan with Mr. Farris, and told him that Blue and Cochran would sign it as sureties,

which they did. He received all the money consideration, and Blue and Cochran received no part of it. It is insisted that the court erred in admitting this testimony, and this is the only question to be considered on this appeal. Subject to certain exceptions, section 605 of the Code authorizes every person to testify for himself or another. The only exception applicable to this case is found in subsection 2 of section 606, which provides:

"   . . .   No person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done . . . by one who is . . . dead when the testimony is offered to be given except" in certain enumerated cases not applicable here.

This rule applies with full force to each of several plaintiffs or defendants who are jointly interested in the result of the litigation, and who must stand or fall together, in which event neither of the parties may testify for the others, as in so doing he would be testifying for himself. Alexander's Ex'rs v. Alford & Co., 89 Ky. 106, 20 S. W. 164, 12 Ky. Law Rep. 363; Cain v. Levy, 179 Ky. 32, 200 S. W. 326; Brown's Adm'r v. Wilson, 222 Ky. 454, 1 S. W. (2d) 767; Worthington v. Miller, 85 Ky. 320, 3 S. W. 320, 9 Ky. Law Rep. 10; Barnett's Adm'r v. Adams, 82 S. W. 406, 26 Ky. Law Rep. 622; Dunbar v. Meadows, 165 Ky. 275, 176 S. W. 1167; Gernhart v. Straeffer's Ex'r, 172 Ky. 823, 189 S. W. 1141.

Conversely, where the interests of such parties are separate and distinct, each may testify for the others, though he may not testify for himself. McGill's Adm'r v. Richards, 12 Ky. Law Rep. 717; Beach's Adm'r v. Cummins' Ex'x, 18 S. W. 360, 13 Ky. Law Rep. 881; Schonbachler's Adm'r v. Mischell, 121 Ky. 498, 89 S. W. 525, 28 Ky. Law Rep. 460; Baker's Adm'x v. Combs, 215 Ky. 5, 284 S. W. 101; Taylor v. Taylor, 217 Ky. 228, 289 S. W. 305; Trevathan v. Dee's Ex'rs, 221 Ky. 396, 298 S. W. 975; Jefferson Woodworking Co. v. Mercke, 222 Ky. 476, 1 S. W. (2d) 52—the question to be determined in each case being whether or not the party so offered as a witness is in fact testifying for himself. Obviously, in a suit against the makers of a joint obligation, a defense to the merits inures to the benefit of each and all of the obligors. Thus the plea of non est factum, of no consideration, of payment, of fraud in the execu-

tion of the instrument, or a common plea of limitation, whether made singly or jointly, raises an issue upon which all must stand or fall together, and neither of the parties could testify for the others as to any transaction with the deceased person in relation thereto; and the same rule would apply to such party, who had previously allowed a default judgment to go against him, because, if disqualified at the inception of the action by reason of his interest, he could not thereafter qualify himself by divesting himself of such interest; the policy of the law being illustrated in subsection 7 of section 606, by which it is provided that the assignment of the claim by a person who is incompetent to testify for himself should not make him competent to testify for another.

But in this case, though there is a joint obligation upon the part of the defendants, nevertheless, under the pleadings, a several judgment may be rendered in favor of plaintiff against Moore for the amount of the note, and also in favor of the other two defendants against the plaintiff; hence it cannot be said, under the issues joined, that they are jointly interested in the result. Indeed, the judgment went against Moore on the face of the pleadings, and he could incur no further or greater liability to plaintiff. But if his liability is joint, as well as several, a judgment against his co-obligors as principals would entitle him to contribution against them, if the judgment was paid by him, or render him liable only for contribution, if paid by them. As such judgment would substantially reduce his admitted liability by two-thirds, it is to his interest for the judgment to be rendered against them, and in testifying in their behalf he is testifying against, not for, himself. Illustrating this view, in Jefferson Woodworking Co v. Mercke, supra, we said:

"The serious question in the case is whether either C. C. Mercke or R. L. Mercke was testifying for himself in this suit. If he was testifying for himself, the evidence is incompetent under the provisions of subsection 2 of section 606 of the Civil Code; but, if he was not testifying for himself, the evidence is competent, and, if his testimony was for the benefit of the corporation, he was testifying for himself. . . . The question, rather, is whether these two witnesses would be affected adversely by a judgment against the corporation under the pleadings in this case. If they had no pecuniary interest, either

individually or by reason of their being stockholders in the corporation, they were not disqualified from testifying.''

Also in Taylor v. Taylor, 217 Ky. 227, 289 S. W. 305, we said:

"Bailey (W. B.) Taylor, although a party to the action, is not testifying for himself, for he is not interested in who holds the notes so far as appears in the record. Undess he has some interest in the result of the action, he may testify as to the acts of the decedent, or what he said or omitted to say, and so may the makers of the other note.''

Worthington v. Miller, supra, is relied upon as holding otherwise, but we do not so construe it. In that case a partnership was sued on a firm debt. The sole defense was a plea of payment. Proof was heard, and judgment rendered against both members of the firm. One of the partners appealed, and secured a reversal on account of erroneous instructions. The other member did not appeal, and the judgment was left in force as to him. On a return of the case, the one who did not appeal was offered as a witness for the other, and an objection sustained as to his testimony. Clearly this was right. The defense was joint, and he could not have testified for his partner on the first trial, without testifying for himself, and it is obvious that his status in the second trial was not changed by the judgment that had been entered against him.

Alexander v. Alford & Co., supra, is also relied on, and there are some expressions in that opinion that lend color to appellant's contention. But, when considered in the light of the facts, the conclusions are in accord with the views we have expressed supra. In that case Davenport, as guardian of Troutman, became insolvent and resigned. His sureties paid the amount due the ward to the new guardian, and sought indemnity by suing Alford & Co. on a note executed by that firm to Davenport; it being claimed that the loan to Alford & Co. was made out of the ward's funds, and that this was known to the borrower. Alford & Co. denied such knowledge, and pleaded an indebtedness due it by Davenport as a set-off. The member of the firm who negotiated the transaction with Davenport was dead, and plaintiff tried to prove

that transaction by Davenport. The court, as we think properly, rejected the testimony on the ground that Davenport was testifying for himself. He had loaned the money to a person who was dead at the time he offered to testify. Whether he made the loan as an individual, or as a fiduciary, he was necessarily interested in the outcome, and this interest pertained to either position he assumed. Had he sued on the note as guardian to recover trust funds, and the same issues had been raised, it is clear that in narrating the transaction he would be testifying for himself in his fiducial capacity, and this disability was not removed by the manner in which the issue was presented and tried. Of course, if he had sued on the note in his own right, he could not have testified in his own behalf as to transactions with the deceased. So that, on principle, that case is in entire harmony with this.

Wherefore, perceiving no error, the judgment is affirmed.