## Miller et al. v. Walsh's Administratrix.

(Decided October 30, 1931.)

CHARLES W. MORRIS for appellants.

HARDY & HARDY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

A truck owned by Fred H. Miller, and driven by Christ Gentner, struck and killed Michael J. Walsh. In this action by Walsh's administratrix to recover damages for his death the jury returned a verdict in her favor for $2,500. Miller and Gentner appeal.

Only a brief statement of the facts will be necessary. According to the witnesses for appellee, the accident took place about 90 feet east of the intersection of Oak and Seventh streets in Louisville. Walsh started to cross from the north to the south side of Oak street. After walking 2 or 3 feet, he stopped. The truck, which was going west at a speed of 25 to 35 miles an hour, swerved toward the curbing just before it reached Walsh, and struck him. After passing over his body, the truck ran some 60 or 70 feet before it was brought to a stop. According to Joe M. Kenney, who worked for Miller and was on the truck at the time, the truck was traveling about 15 miles an hour. Mr. Walsh was crossing from the south to the north side of Oak street, and stepped out immediately behind an automobile traveling east. He and Gentner did not see him until he stepped out, and he was then about 5 feet from the truck. Gentner sounded the horn and swerved the truck toward the north curb of the street. Walsh seemed to stop, and then ran into the side of the truck.

The only ground urged for reversal was the exclusion of the evidence of Gentner. This evidence was ex-

cluded on the ground that it related to a transaction with the deceased, and Gentner, who was sued jointly with Miller was not a competent witness either for himself or Miller.

It may be that what Gentner saw and did before he reached what might be called the zone of the accident was too far remote in time and space to constitute a transaction with the deceased, and should not have been excluded on that ground, but, as the case turns on what took place immediately before, and at the time of, the accident, the offered evidence to the extent indicated was so immaterial that its exclusion, even if it did not relate to a transaction with deceased, was in no wise prejudicial to appellants. When we come to the conditions and circumstances existing immediately before, and at the time of, the accident, a different situation is presented. The speed and movement of the truck, the sounding of the horn, and all that Gentner observed and did, as well as the movements of the deceased, were so closely related to, and inseparably connected with, the accident as to bring them within the knowledge or observation of the deceased, make them a necessary part of the accident, and thus constitute a transaction with the deceased. As the offered evidence concerned a transaction with the deceased, there can be no doubt that, under the Code, Gentner, who was a party defendant, was not a competent witness on his own behalf. Civil Code of Practice, sec. 606, subsec. 2; Sherrill v. Wilhelm, 182 N. C. 673, 110 S. E 95; Souther v. Belleau, 203 Ky. 508, 262 S. W. 619, 36 A. L. R. 956; Louisville & N. R. Co. v. Rowland's Adm'r, 215 Ky. 663, 286 S. W. 929.

But it is argued that Gentner was competent to testify for his employer, Miller. Certain cases relied on by appellants are not controlling. All that was held in Schonbachler's Adm'r v. Mischell, 121 Ky. 498, 89 S. W. 525, 28 Ky. Law Rep. 462, was that the wife of one of several codefendants sued jointly for assault and battery could not testify for her husband, but could testify for the other defendants. In Bromley's Adm'r v. Washington Life Ins. Co., 122 Ky. 402, 92 S. W. 17, 28 Ky. Law Rep. 1300, 5 L. R. A. (N. S.) 747, 121 Am. St. Rep. 467, 12 Ann. Cas. 685, the facts were these: Bromley entered into an arrangement with Otis Bates by which he was to obtain two policies of insurance and assign them to Bates. Bates paid him $50 for one of the policies and $25 for the other. Bates who had no insurable

interest in the life of Bromley, paid the premiums. The insurance company defended on the ground that the policies were wagering contracts, and therefore void. In making out the case, Bates testified on behalf of the company. Though made a party to the suit, Bates was not liable on the policies. Instead of testifying for himself, he testified against his own interest. In the circumstances, he was held to be a competent witness on behalf of the insurance company.

All that was held in the case of Benge's Adm'r v. Fouts, 174 Ky. 654, 192 S. W. 703, was that each of two persons who had separate and distinct claims against an estate could testify for the other. In Fordson Coal Co. v. Burke, 219 Ky. 770, 294 S. W. 497, and Harlan Fuel Co. v. Swanson et al., 220 Ky. 449, 295 S. W. 406, the court merely ruled that one of two or more claimants under the Workmen's Compensation Act could testify as to the dependency of the others, since the dependency of one did not establish the dependency of the others. The ruling in Powers v. Gatliff Coal Co., 228 Ky. 5, 14 S. W. (2d) 216, was simply to the effect that an agent not a party to an administrator's action against his principal, nor bound by the judgment, was not incompetent to testify as to transactions or communications with the deceased. In Ross v. Ross' Adm'r, 232 Ky. 583, 24 S. W. (2d) 287, evidence of a surviving partner was held admissible on the ground that it did not relate to any conversation with, or acts done or omitted by, the deceased partner.

It is true that there are numerous cases holding that an agent may testify in behalf of his principal as to a transaction with a person then deceased where he incurs no financial loss, nor gains any material benefit as the result of the litigation. Cobb's Adm'r v. Wolf, 96 Ky. 418, 29 S. W. 303; Fidelity & Casualty Co. v. Goff's Ex'x, 30 S. W. 626, 17 Ky. Law Rep. 214; Lyon's Ex'x v. Logan County Bank, 78 S. W. 454, 25 Ky. Law Rep. 1668; Paducah Cooperage Co. v. Paducah Veneer & Lumber Co., 135 Ky. 53, 121 S. W. 986; Massey's Adm'r v. Pike Consol. Coal Co. (Ky.), 116 S. W. 276; Winston's Adm'r v. Spinks, 163 Ky. 251, 173 S. W. 753. But the facts here presented do not bring the case within the foregoing rule. Miller was the owner of the truck, and Gentner was the driver. They were sued jointly. Liability was predicated solely on Gentner's negligence. Unless he was negligent, no recovery could be had either against him

or against Miller, his employer. He was personally interested in the result of the litigation. In the very nature of things, he could not testify for Miller without testifying for himself. Therefore the case is one where both must stand or fall together. Dunbar v. Meadows, 165 Ky. 275, 176 S. W. 1167; Cain v. Levy, 179 Ky. 33, 200 S. W. 326; Goff v. Goff's Ex'rs, 176 Ky. 243, 195 S. W. 438.

It follows that the court did not err in excluding the offered evidence.

Judgment affirmed.