Case 109. — ACTION BY BART SMITH'S ADMINISTRATOR AGAINST C. R. HUNTSBERRY TO SET ASIDE A CONVEY-ANCE.—January 31.

## Huntsberry, &c. v. Smith's Adm'r.

Appeal from Hardin Circuit Court.

W. S. CHELF, Circuit Judge.

Judgment for plaintiff. Defendants appeal. Reversed.

1. Pleading—Filing Written Interrogatories—Failure of Adverse Party to Answer—Subsequent Depositions—Effect—Section 140, Civil Code, provides that "in equitable actions a party may annex to his pleading written interrogatories to the adverse party, and the answer thereto under oath may be read by either party." Sec. 150 provides that "if the party filing interrogatories file an affidavit that he verily believes that any subject of the interrogatories is in the personal knowledge of the adverse party, and that his answers thereto, if truly made, will sustain the affiant's claim or defense, and the adverse party shall fail, after reasonable time, to answer them, the claim or defense shall be deemed to be sustained." Where in an action such interrogatories were propounded by the plaintiff with the accompanying affidavit, and not answered by defendant, but the deposition of the defendant was given touching the maters covered by the interrogatories, the effect is the same as if the interrogatories had been answered.

2. Evidence—Transaction With Deceased—Competency—Under Civil Code, sec. 606, defining the competency of witnesses where one of the parties to the action is dead, the evidence is competent although it may affect the estate of one who is dead, where it does not undertake to relate transactions with the deceased, but bore on material points and things that occurred since.

R. L. STITH and J. D. IRWIN for appellants.

Huntsberry, &c. v. Smith's Adm'r.

### QUESTIONS DISCUSSED.

1. Under chap. 54, art. 1, secs. 1906-7, Ky. Stats., no suit can be maintained to set aside a conveyance made to pay a debt really existing because it is preferential, but such actions must be brought under art. 2, sec. 1910.

2. The interrogatories propounded to appellant were contradictions of, and foreign to the allegations in the petition and need not have been answered at all, but were, however, fully and sufficiently answered by the answer and appellant's deposition.

### AUTHORITIES CITED.

Ky. Stats., chap. 54 art. 1, secs. 1906-7; Ky. Stats., chap. 54, art. 2, sec. 1910; 18 B. Mon., 70 and 71; Civil Code, secs. 150, 142, 140 and 365; 5 Bush, 618; 3 Met., 427; Hoover v. Hawks, 21 Ky. Law Rep., 190; Brown v. Smith, 7 B. Mon., 364; Beatty v. Dudley's Ass'ee, 80 Ky., 381; Warden v. Fulkerson, 22 Ky. Law Rep., 184; McMillen v. Stephens, 20 Ky. Law Rep., 1528; Seiler v. Walz, 17 Ky. Law Rep., 301.

S. H. BUSH for appellee.

### QUESTIONS DISCUSSED.

1. Unless questions attached to a petition and propounded to the defendant are answered a judgment for plaintiff is proper.

2. The evidence in this case does not show any consideration for the deed in controversy, but on the contrary sustains plaintiff's plea of fraud, &c., and the judgment setting aside said deed was proper.

### AUTHORITIES CITED.

Civil Code, secs. 142, 150, 365 and 606; 18 Ben Monroe, Bennett & Miller v. G. & T., 70 and 71; 5 Bush, 617, Ecklar v. Galbreath; Ky. Stats., secs. 1906, 1910 and 1911.

OPINION BY JUDGE O'REAR—Reversing.

Appellee, as creditor of appellant, C. R. Huntsberry, brought this suit in equity to set aside a conveyance by the latter to his brother John Huntsberry, of certain real estate in Elizabethtown, which appellee claims was fraudulently conveyed by C. R. Hunts-

berry to John Huntsberry to defeat and defraud the former's creditors. Attached to appellee's petition were certain written interrogatories propounded to the defendant, John Huntsberry, touching the vital issues of the subject-matter of the litigation. These interrogatories were propounded under the provision of section 140, Civil Code Practice, and were required to be answered by the defendant at the time that he answered the petition.

. Section 150 of the Civil Code of Practice requires: "If a party filing interrogatories, file an affidavit that he verily believes that any subject of the interrogatories is in the personal knowledge of the adverse party, and that his answers thereto, if truly made, will sustain the affiant's claim or defense, or any part thereof, and the adverse party shall fail, after reasonable time, to answer them, the claim or defense, or the part thereof mentioned in such affidavit, shall be deemed to be sustained." Appellee filed the affidavit referred to in the last foregoing section. Notwithstanding a reasonable time thereafter transpired before the case was submitted for final judgment, the defendant, John Huntsberry failed to answer the interrogatories. But in the meantime both he and C. R. Huntsberry gave their depositions in their own behalf in the case, in which they were examined concerning the identical matters inquired about in the interrogatories. The effect of such interrogatories and their answers is, by section 140 of the Civil Code of Practice, that they constitute a deposition of the person interrogated, which may be read as evidence on the trial by either the party interrogating or the party answering. This is their sole effect. Therefore, when the party interrogated shall have given his deposition touching the same matters covered by the interrogatories, and particularly where he has been examined by the person

propounding the interrogatories touching such matters, the result is that he has testified, has given his deposition concerning such matters, which may be read as evidence either by himself or his adversary at the trial. The effect is precisely the same as if the interrogatories had been answered in the first instance. If there is any difference in value, it lies in favor of the deposition, where, if the answers are not satisfactory or explicit, the resources of cross-examination may enable the interrogator to elicit the facts about which he has inquired. There was no motion by appellee to require the defendant, John Huntsberry, to answer the interrogatories. This may have been compelled by the court. The circuit court in this case held that, inasmuch as the interrogatories had not been answered, the court was bound to render a judgment in favor of the other party, notwithstanding the lack of evidence to support the issue assumed by the plaintiff.

The court was also in error in sustaining the exceptions to the depositions of C. R. Huntsberry and John Huntsberry. The exceptions were sustained upon the ground that Bart Smith, against whose estate they were to be used as evidence, was dead when they were given. Section 606 of the Civil Code of Practice, defining the competency of witnesses in such matters, does not rest the question upon the fact whether their testimony may affect the estate of one who is dead, but whether it is in behalf of the witness testifying, and concerning some act done or omitted to be done by the deceased person. The depositions in this case did not undertake to relate transactions with the deceased, but bore in their material points upon things that occurred since.

For the reasons indicated the judgment is reversed, and cause remanded, with directions to allow the parties to take further proof and for a new trial under proceedings not inconsistent herewith.