## Noel's Admr. v. Wilson, et al.

(Decided March 7, 1913.)

### Appeal from Boone Circuit Court.

1. Executors and Administrators—Action by Upon Note—Advancements.—In an action by an administrator upon a note of $1,000.00 executed to his decedent by her daughter, the circuit court properly refused to enforce its payment; the note being wholly without consideration from the decedent and executed by the daughter, who had never received an advancement from her mother, in pursuance of an agreement with a brother and sister, each of whom had been advanced $1,000.00, by their mother, and on account of their conveying her their respective interests in sixty acres of land in which the mother held a life estate; it being agreed that the note should be held by the mother as evidence of an advancement of the amount thereof to the maker out of the estate left by her father, to make her equal with the other children who had received from the estate like advancements.

2. Executors and Administrators—Action by Upon Note—Evidence—Section 606, Subsection 2, Civil Code.—The testimony of the brother and sister was competent to prove the agreement under which the note was executed by the maker. Section 606, subsection 2, Civil Code, only excludes a party in interest from testifying for himself concerning any verbal statements of transactions with, or acts done by a decedent.

S. W. TOLIN, JOHN S. GAUNT for appellant.

D. E. CASTLEMAN for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was instituted by the appellant, F. M. Cleek, as administrator of the estate of N. F. Noel, to recover of the appellee, Lura Wilson, wife of William Wilson, the principal and interest of the following note:

"One day after date I agree to pay N. F. Noel one thousand dollars, for value received of her, bearing interest at six per cent from date until paid. This January 1, 1896.                                   LURA WILSON."

The appellee is one of four children born to Mrs. N. F. Noel and her husband, John Noel, whose death preceded that of the wife many years. The other children of N. F. and John Noel are John L. Noel, Lucretia Gordon, wife of F. L. Gordon, and Sally Powers, wife of Edgar Powers.

The answer of the appellee, Lura Wilson, admitted the execution by her of the note sued on, but denied her liability thereon, alleging that it was without consideration and merely given to evidence an advancement she received in lands from the estates of her father and mother, under an agreement with her brother and sisters, and certain deeds from the brother and one of the sisters.

It further appears from the answer that after the death of her husband, Mrs. N. F. Noel advanced to her son, John L. Noel, and her daughter, Lucretia Gordon, $1,000.00 each, but that no advancements were ever made by her to her daughters, Mrs. Powers and Mrs. Wilson. At the time of the execution by the latter of the note sued on, the mother, Mrs. N. F. Noel, had no money or other property out of which to make an advancement to either of these two daughters. She then occupied and owned, however, a life estate in sixty acres of land which had been allotted her as dower out of her husband's landed estate, and a paid up policy of insurance for $1,000.00 on her life payable at her death to her four children.

So, in order to place the appellee and Sally Powers in such a situation as would enable them to share equally with John L. Noel and Lucretia Gordon in the estate of their parents, it was, as alleged in the answer, agreed among the four children that Sally Powers by way of an advancement from the estate should take and have the interest of each of the other three children in the $1,000.00 paid up insurance policy on the life of the mother payable at the latter's death; and that appellee, as a like advancement, should take and have the undivided interest in remainder of one fourth each, owned by John L. Noel and Lucretia Gordon, in the sixty acres of dower land allotted to their mother, N. F. Noel, from the lands of their deceased father.

Pursuant to this agreement, appellee, John L. Noel, and Lucretia Gordon in writing assigned to Sally Powers their respective interests in the insurance policy on the life of their mother, and John L. Noel and Lucretia Gordon, by proper deeds, conveyed to appellee their respective interests in the mother's dower. These two interests in the dower were valued at $750.00 each, but John L. Noel and Lucretia Gordon abated to appellee and credited her with $500.00 of the $750.00 of purchase money thus going to each of them, as if each had been paid by her that amount in cash for their interests in the dower land; and these two amounts thus abated to appellee constitute the $1,000. for which the note sued on was executed to her mother.

With respect to the agreement between the children of Mrs. N. F. Noel and its consummation, the amended answer and cross petition of appellee contains the following averments:

"She says that the land she purchased from Lucretia Gordon and J. L. Noel, was owned by them, and N. F. Noel had no interest whatever in the same, except her life estate therein, and said Gordon and Noel deeds to this defendant in no wise affected her said life estate; and in said purchase and conveyance of Lucretia Gordon's and John L. Noel's interests in said dower tract, no consideration whatever passed from N. F. Noel to this defendant; and she further states that the conveyance of said landed interest to her by Lucretia Gordon and John L. Noel was a voluntary effort on their part to make this defendant equal with them in advancements received from their parental estate. * * * * She says that immediately after her mother's death, which occurred in November, 1910, the said Sally Powers collected on said insurance policy the face value thereof, namely $1,000.00, the receipt of which equalized the said Sally Powers with the other three children, each having the same sum $1,000.00, and the note sued on herein was but a nominal promise on defendant's part, without any consideration therefor, to pay the amount so abated to her in the purchase of her brother's and sister's interests in the dower of the mother as hereinbefore set out, and such promise was modified, as hereinbefore set out, to the effect that only the interest therein would be demanded by the payee, and that only on condition that she needed the interest for her support."

The amended answer was made a cross petition

against the brother and sisters of appellee and they entered their appearance to same. By the prayer of this pleading the court was asked to require of the administrator of N. F. Noel a settlement of the estate, and to that end that appellee and her brother and sisters be charged with the advancements of $1,000.00 each, received by them, and that the note sued on be treated as an advancement to appellee.

On the hearing the circuit court relieved appellee of the payment of the note by adjudging that it was without consideration as to N. F. Noel, and was only intended to evidence an advancement of $1,000.00 to her from the estate of her parents. From that judgment the administrator has appealed.

We concur in the conclusion reached by the circuit court. The testimony of John L. Noel, Mrs. Gordon and G. E. Carroll fully sustain appellee's defense that the note was executed under the circumstances set out in her answer and cross petition. It is manifest, therefore, that it was not intended by the parties that the note should be paid. It was executed as the result of an arrangement voluntarily entered into by the brother and sisters to equalize them all as sharers in the little estate left by their father; and was but an evidence of a $1,000.00 advancement to appellee to equal advancements of similar amounts received by the other children. That the mother so regarded it cannot be doubted, for she held the note until her death, which occurred many years after its execution, without at any time demanding its payment, or even that the interest be paid thereon. As appellee lived with her and ministered to her wants the most of this time, it is but fair to presume that the mother accepted her services as, at least, of the value of the interest that accrued on the note.

It is apellants' contention, however, that John L. Noel and Mrs. Gordon were incompetent as witnesses to prove the agreement under which the note was executed, because of their interests as heirs-at-law of N. F. Noel, and that without their testimony her defense must fail.

Self interest did not disqualify them under section 606, subsection 2, Civil Code, as witnesses in behalf of their sister; and besides, their testimony was against their interests, for to allow the claim of appellee that the note was an advancement lessened their interests in the estate. The provisions of the code, supra, only exclude a party in interest from testifying for *himself* con-

cerning any verbal statements of, transaction with or act done by a decedent. Alexander's Executors v. Alford, 89 Ky., 109.

In Schonbachler's Admr. v. Mischell, 121 Ky., 498, we held that, though the defendants in an action brought by an administrator of a deceased person could not testify for themselves, that ·fact did not render them incompetent as witnesses for each other; and the same conclusion was expressed in Dovey v. Lamb, 117 Ky., 19.

There was no error in the judgment appealed from and it is therefore affirmed.