## Sumrall's Executors v. James, et al.

(Decided October 18, 1927.)

(Rehearing Denied, with Modification, November 29, 1927.)

### Appeal from Mercer Circuit Court.

1. Evidence.—In suit on notes, where defendants claimed payment, plaintiffs' statement that deceased had one debt only held admissible, as an admission against interest as to other debts and some evidence of payment of the notes.

2. Bills and Notes.—In action on notes, evidence held sufficient to take question of payment to jury.

3. Limitation of Actions.—Written acknowledgment of indebtedness on notes made within 15 years before filing of suit held to prevent the application of the statute of limitations (Ky. Stats., sec. 2514).

4. Limitation of Actions.—Where defendant had made an unqualified acknowledgment of liability on check, statute of limitation held inapplicable, regardless of contention that, when the acknowledgement was made, cause of action on the check was barred.

5. Bills and Notes.—In action on notes, where defendant claimed notes had been paid, admitting testimony that there was an indorsement, not signed by any one or attested by the clerk, on the margin of the mortgage book to the effect that the mortgage securing the note had been fully paid and released, held error.

6. Appeal and Error.—In action on notes in which defendant claimed payment, where testimony of indorsement on mortgage book margin to the effect that the mortgage securing the notes was paid and released was erroneously admitted, explanatory evidence showing possibility of mistake in margin note held not sufficient to remove prejudicial effect of admitting the evidence.

7. **Bills and Notes.**—In action on notes, admitting unsigned writing purporting to be an acknowledgment of the indebtedness evidenced by the notes held error.

C. E. RANKIN for appellants.

E. H. GAITHER for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

C. M. Sumrall and R. G. Evans, as the executors of the will of J. K. Sumrall, sued I. C. James, Annie James, and Mattie James, as heirs at law of I. C. James, deceased, alleging that they had inherited valuable property from their decedent, and seeking to recover on two notes and a check executed by I. C. James, the first note dated July 1, 1904, for $216.00, subject to credits of $116, with interest paid to April 15, 1911, the second being dated June 9, 1909, for $370, subject to a credit of $100, and being secured by a mortgage on certain personal property, and also to recover payment of $60 loaned by C. M. Sumrall to I. C. James on March 8, 1920, evidenced by check which had been assigned to the executors of J. K. Sumrall. The answer corrected the dates of certain credits on the notes, pleaded payment, and the statute of limitation. The reply traversed the allegations of the answer and pleaded a new promise. By rejoinder the defendants admitted the new promise as to the check, but alleged that at the time it was made the cause of action was barred by the statute of limitation. The affirmative allegations of the rejoinder were controverted of record. A jury trial resulted in favor of defendants, and plaintiff has appealed.

Each side claims that it was entitled to a peremptory instruction. It appears that I. C. James was indebted to C. M. Sumrall, as executor of J. K. Sumrall, in various amounts, and in a writing executed by both parties on the 20th of November, 1912, it was stipulated that such indebtedness embraced six certain notes of various amounts therein described, including the two sued on. The writing also showed the amount of interest due on each. Later, on the 1st of November, 1913, four of the notes embraced in the writing of November 20, 1912, together with interest on same to November 1, 1914, were embodied in one note for $4,717, to secure which I. C.

James and wife executed a mortgage on certain realty, the two notes sued on herein not being included in that note and mortgage. I. C. James died on the 23d of June, 1920. Shortly before his death he sold the property covered by this mortgage for $8,000. He was ill at that time and C. M. Sumrall called to see him several times at his home. His debt was satisfied out of the sale of the property and over $1,700 surplus remained. Mrs. James testifies that shortly before this time she had paid out of her individual money another debt owing by her husband and in discussing the business with her husband in her presence Mr. Sumrall told him to pay her the amount thus due her and he would then be free from debt. She further states that he told her the same after her husband's death. In this she is corroborated by her daughter.

An affirmative statement by the plaintiff to the deceased and later to the executrix that the debt due the wife was the only one owing by I. C. James is an admission against interest and affords some evidence of the payment of the notes which he now claims were due and held by him at that time and this authorized a submission of the case to the jury. The written acknowledgment of November 20 would take the case out of the statute (Ky. Stats., sec. 2514) up to that time, and, as 15 years had not elapsed subsequent thereto before the filing of suit, the statute of limitation did not apply as to the notes. It is also admitted by defendant that she made an unqualified acknowledgment of the check; hence the statute of limitation did not apply, and the court did not err in refusing a peremptory instruction to find for the defendant or in failing to instruct on that point. Indeed, as to the $60 check a peremptory instruction in favor of plaintiff is authorized by the pleadings and the evidence, and should be given on another trial.

There was a mortgage on certain personal property to secure the payment of the $370 note sued on. It consisted of horses and buggies which have perished or have worn out. In reference to this, I. C. James, Jr., was permitted, over the objection of plaintiff, to testify that on the margin of the mortgage book in which that mortgage is recorded in the Mercer county clerk's office the following indorsement appears: "This mortgage is fully paid and hereby released. May 1, 1920"—and that this indorsement is in the handwriting of plaintiff's attorney. However, it was not signed by any one nor attested by the

clerk. Manifestly this evidence was incompetent for any purpose and was prejudicial to plaintiff. Plaintiff offered in explanation an indorsement written on same date, signed by plaintiff and witnessed by the clerk, releasing the mortgage given to secure the $4,717 note, as showing that the attorney who wrote the indorsement may have mistakenly thought that both mortgages would be released at that time. This may be a proper explanation, but it was not sufficient to remove the impression made by the objectionable evidence. For this reason the case must be reversed. The court also erroneously permitted the introduction by plaintiff of an unsigned writing of May 1, 1920, purporting to be an acknowledgment by James of the indebtedness evidenced by these two notes. On another trial this will be omitted. The court does not now pass upon the sufficiency of the evidence to sustain a verdict for defendant.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.