## Day et al. v. Grubbs et al.

### Same v. Ball's Administrator et al.

(Decided October 28, 1930.)

742

A. T. MANNING and ROY W. HOUSE for appellants.

W. W. RAWLINGS for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Reversing in first appeal and affirming in second appeal.

These two appeals present the principal question of the right of the appellant, Louisa Day, to share in the

distribution of the estate of her deceased father, Jarius Ball. They have been consolidated and will be disposed of together.

## DAY v. GRUBBS ET AL.

Jarius Ball died intestate in September, 1926, aged about 84 years. In a suit filed by his other heirs against his daughter and her husband, the appellants, to have sold a certain parcel of land because of its indivisibility, it was alleged that the defendants had no interest in the land by reason of the conveyance, presently mentioned, which she had received as an advancement, and which was more than her proportionate part of the estate. This allegation was put in issue by an answer, in which the defendant Louisa Day claimed a one-sixth interest in the property. After considering the evidence presented, the trial court adjudged that the property received by the defendant under the deed constituted an advancement equal in value to the remaining property owned by Jarius Ball, for division among the other heirs, constituting five whole shares, and that she was not entitled to any interest in the tract of land involved.

There is no contradiction in the material facts. The deed was executed December 30, 1922, nearly four years before the grantor's death, and conveyed to the daughter the home place and all farming tools and household furniture. The consideration stated was: "A contract that said Louisa A. Ball shall take care of the said Jarius Ball during his natural life."

In 1913 the father had conveyed parcels of land to each of his children. That to the appellant is in the record, and in it is recited that the deed was made to equalize her with the other children. It conveyed a part of the home farm and vested complete title on his death.

The appellant had lived with her parents all her life, and it is shown, without contradiction, that the old gentleman had objected to her marrying. The last of the other children, the youngest son, had married about twenty years before the death of the father, and she had remained there and cared for her mother and father both until the death of the former twelve or fourteen years before the latter. She was then between 50 and 55 years old, and, though considered "weakly," had always done

the cooking and other household work, except the scrubbing and washing, had milked the cows, worked the garden, and done chores about the place. There is no evidence or claim whatever that she did not faithfully serve and look after the welfare of her father, although some of the plaintiffs stated that the care was mutual. The appellant married about two years after his death. The property she received under the deed was estimated to be worth from $1,500 to $2,500. The father's remaining estate was valued at about $7,000, including $5,530 in cash.

The deed was prepared by a deputy county court clerk, who testified that the deceased came to his home unaccompanied by his daughter and requested him to write it, which he did according to directions. He would write awhile and then read it over to him, and Mr. Ball would say that it was the way he wanted it, and after the deed was finished it was read over to him and he understood it and then signed and acknowledged it. Other witnesses, apparently disinterested, testified that the old gentleman told them that he had made the deed because his daughter had stayed with and taken care of him after the rest of the children had gone, and was to take care of him as long as he lived, and that he wanted her to share equally with the others in the remaining property.

The evidence produced against the appellant consisted of testimony by interested parties that the father had stated at different times that he had conveyed the property to his daughter because she was "weakly," and had given her more than others would get so that she could live in her old days without working and exposing herself. Plaintiffs' attorney testified that shortly before his death Mr. Ball engaged him to bring suit to set the deed aside because it appeared that his daughter was fixing to marry. Within two months thereafter he returned and directed that the suit be dismissed, as he had concluded to let her keep the land anyhow because she was continuing to stay with and wait upon him and had said that she was going to continue to do so even though he took the land away from her. He also told the lawyer that the land was worth more than the rest of the children would get, but he would let her keep it as her share in his estate.

It is argued by appellant that the declarations of the grantor subsequent to the conveyance as to his purposes

are incompetent. The point seems well taken (Aylor v. Aylor, 158 Ky. 713, 166 S. W. 216), but it is sufficient to say that the question was waived by a failure to file written exceptions to the testimony, as is required by sections 586 and 587 of the Civil Code of Practice, and many decisions of this court. The same is true as to the evidence of plaintiffs' lawyer concerning communications with his client. The vigorous objections noted in the taking of depositions are of no avail. Harrel's Adm'r v. Harrel, 232 Ky. 469, 23 S. W. (2d) 922.

The consideration for a conveyance sought to be charged as an advancement to a child may be shown to have been otherwise than therein stated without pleading or proving fraud or mistake. A parent by a mere declaration may not exempt a child from being charged with an advancement which the statute makes chargeable, nor can he make that an advancement which is not such in law. But the burden is upon those seeking to impeach the recited valuable consideration of a deed under such circumstances. These statements of the law are elaborated in McCray v. Corn, 168 Ky. 457, 182 S. W. 640, and Ecton v. Flynn, 229 Ky. 476, 17 S. W. (2d) 407, in which the subject of advancements in connection with conveyances is fully treated. The proof in this case falls short of showing that the consideration mentioned in this deed was otherwise than that stated.

An advancement is a gift, provision, or advantage chargeable under the statute against the donee or beneficiary in the distribution of the estate of the donor or benefactor in order to equalize his heirs in their inheritance. The satisfaction of a legal obligation, or payment to one of them as a consideration for a valid contract, cannot be so regarded. There is no legal hindrance or bar to a parent and child contracting with each other. Transfer of property to an heir for a valuable consideration, such as past or future services, is not chargeable as an advancement. 18 C. J. 920; Schweitzer v. Schweitzer, 82 S. W. 625, 26 Ky. Law Rep. 888. However, if it be disclosed that the consideration was grossly disproportionate, the recipient should be charged with the excess over the real consideration, for to that extent he has secured an advantage over other distributees. 18 C. J. 921; Wakefield v. Gilliland's Adm'r, 18 S. W. 768, 13 Ky. Law Rep. 845. The conveyance involved in this case

was for a valuable consideration. It cannot be deemed grossly inadequate, for the grantee had acceded to the wishes of her father and had refrained from marrying; had remained in the parental home for twenty years after all the other children had gone, faithfully serving and caring for her aging father and mother. The father's positive and solemn statement, formally and legally acknowledged, that the conveyance made her was pursuant to a contract, cannot be disregarded under the evidence adduced against it. The lower court, therefore, erred in holding that the appellant should be charged with the value of the property conveyed as an advancement.

## DAY v. BALL'S ADMINISTRATOR ET AL.

After the rendition of the judgment in the above case, the daughter, Louisa Day, filed suit against the administrator of her father's estate and his surety, in which she charged that the administrator had distributed the personal estate among other heirs of her father to her entire exclusion. It was averred that her one-sixth distributable share was $938.41, which the administrator by virtue of his office had wrongfully and unlawfully refused to pay her, and for which she prayed judgment.

The allegation as to the plaintiff's interest in the personal estate was denied, and by a second paragraph of the answer it was charged that, before a distribution was made, a contention had arisen between the other heirs and the plaintiff as to her share in the estate because of the conveyance which had been made to her in 1922, referred to in the first part of the opinion, and that, before making a distribution of the estate, the plaintiff had told the administrator that she was not claiming or demanding a distributable share, and had directed him to divide it among the other heirs. By reason thereof, the estate was so divided, and it would not have been except for her representations and directions. This fact was pleaded in estoppel. A third paragraph set up the fact that the plaintiff had received of the estate of her father as an advancement property of a greater value than any of the other heirs received, and by reason thereof she was not entitled to participate in the division of the personal estate. Thereafter an amended answer was filed which pleaded the judgment rendered in the suit to sell the land as a bar to a recovery in this suit.

The plaintiff filed a demurrer to this amended answer, and, upon it being overruled, she declined to plead further. It was thereupon adjudged that the petition be dismissed. This appeal is from that judgment.

It is to be noted that no demurrer or other responsive pleading was filed to the two affirmative allegations of the answer, namely, that by her conduct the plaintiff was estopped to claim an interest in the personal estate as against the administrator and his surety, and that she had received as an advancement more than the other children would receive. The demurrer was explicitly directed to the amended answer, a practice authorized by section 113 of the Civil Code of Practice. The conclusion which we have reached with respect to the former judgment would, of course, be sufficient to hold that the court erred in overruling the demurrer pleading it in bar. But plaintiff's counsel admitted the truth of the two affirmative pleas, either of which was sufficient to bar a recovery. Hence the court did not err in dismissing the petition against the administrator and his surety. We express no opinion as to what right, if any, she might have to recover against the distributees.

In the first-styled appeal, the judgment is reversed, with direction to enter a judgment in accordance with the conclusion announced; and, in the second appeal, the judgment is affirmed.