## Gibbs v. Gibbs et al.
(Decided June 8, 1934.)

G. SAMUEL MILAM for appellant.

I. G. MASON for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The question for determination in this case is whether two certain financial transactions between A. J. Gibbs, now deceased, and the appellant, H. B. Gibbs, his son, were advancements or loans. The lower court held they were advancements, and, from the judgment so decreeing, this appeal is prosecuted.

In 1913, the house of the appellant, H. B. Gibbs, was badly in need of a new roof. By inference, we judge that H. B. Gibbs was not then financially able to put the roof on his house. At all events, his father, A. J. Gibbs, turned over to him the sum of $100 for the purpose of reroofing his house and took from H. B. Gibbs the following note:

"$100.00                              April 19, 1913.

"One day after date I promise to pay A. J. Gibbs the sum of $100.00 for value recd. of him.

"H. B. Gibbs."

On the back of the note appears this indorsement: "Credit by $6.00 interest."

The other financial transaction is this: In 1912, H. B. Gibbs was anxious to enter the grocery business. He borrowed six hundred odd dollars from a bank in Russellville and executed his note to that bank for the amount of the loan with his father, A. J. Gibbs, as joint maker. As between the two, however, his father was surety. This note was renewed from time to time. In November, 1917, H. B. Gibbs became bankrupt and was later discharged in bankruptcy by the District Court of the United States for the Western District of Kentucky, the date of his discharge being February 23, 1918. The last of the renewal notes executed to the bank in Russellville fell due on April 1, 1918. On May 1st, it was paid by A. J. Gibbs, the principal and interest at that time amounting to $666.32. On the same day, he took from H. B. Gibbs the latter's note for $666.31. That note reads as follows:

"$666.31      Russellville, Ky.   May 1, 1918.

"For value received—one day—after date I promise to pay to the order of A. J. Gibbs in Russellville, Ky., six hundred and sixty-six and 31/100 dollars. Negotiable and payable at the Southern Deposit Bank, in Russellville, Ky., with interest thereon from date until paid at the rate of 6 per cent. per annum. Protest or notice of same is wavied by the obligators and endorsers.

"H. G. Gibbs."

A. J. Gibbs did not in the bankruptcy proceedings of H. B. Gibbs present a claim for his $100 note, nor for his obligation as surety for H. B. Gibbs on the note then running to the bank in Russellville. A. J. Gibbs died intestate on July 8, 1924. Some time after his death these two notes were found among the papers of his estate.

As said in the case of Day v. Grubbs, 235 Ky. 741, 32 S. W. (2d) 327, 329, 72 A. L. R. 323:

"An advancement is a gift, provision, or advantage chargeable under the statute against the donee or beneficiary in the distribution of the estate of the donor or benefactor in order to equalize his heirs in their inheritance. * * * There is no legal hindrance or bar to a parent and child contracting with each other. Transfer of property to an heir for a valuable consideration * * * is not chargeable as an advancement."

An advancement is distinguishable from a loan in that it creates no liability to repay, and is attended by none of the usual incidents of a debt, such ordinarily as a bearing of interest. There was nothing in the instant case to prevent A. J. Gibbs and H. B. Gibbs from contracting with each other, and for the making of a loan by A. J. Gibbs to H. B. Gibbs. The form of the transactions is certainly that of a loan, for they were evidenced by promissory notes, the larger of which by its terms bore interest, and the smaller of which, though not expressly bearing interest, was due one day after date and upon which there was a credit of interest. Thus prima facie the evidence disclosed a loan and not an advancement. This being true, the burden then fell upon those claiming that the transaction was an advancement rather than a loan to so establish it. In the

analogous case of McCray v. Corn, 168 Ky. 457, 182 S. W. 640, we held that, although those who insisted that a conveyance which purported to be for a valuable consideration could show that it was in fact an advancement, yet, the conveyance on its face purporting to be one for a valuable consideration, the burden was on those seeking to change it from what it purported to be to an advancement to so establish it. Have the appellees in the instant case met that burden? The only evidence they have to sustain that burden is that the father seemingly in his lifetime made no effort to collect the notes, and that perhaps at the time he entered into these financial transactions with his son he knew the latter was, to say the least, not a good financial risk. We cannot say that this evidence sufficiently meets the burden. The character of the notes, that they were interest bearing, and that in fact interest was indorsed on one of the notes, compel the conclusion that the father regarded this transaction as a loan to his son. It was perhaps in this fashion that he sought equality between his children, for an advancement ordinarily carries no interest, and he evidently wished his son, not only to repay the money advanced, but also interest upon the same. The fact that H. B. Gibbs was his son no doubt overcame any commercial apprehensions as to his financial responsibility. And that he did not press his son for payment is likewise no doubt explained by a fatherly consideration for a son's condition. In the cases relied upon by the appellees, such as that of Scobee v. Bridges, 87 Ky. 427, 9 S. W. 299, 10 Ky. Law Rep. 390, there was direct and explicit evidence to the effect that the financial transaction involved was an advancement rather than a loan or a conveyance for valuable consideration. In other cases relied upon by the appellees and illustrated by that of Fisk v. Carpenter, 195 Ky. 155, 242 S. W. 30, .the decision turned on the construction of a will. But here all we have is prima facie a loan and with no convincing evidence that it was ever regarded otherwise than such by the parties. We are of opinion that the lower court erred in holding these transactions advancements, and that they have been adjudged to be loans.

Judgment reversed for proceedings consistent with this opinion.

Whole court sitting.