## Farmers' Exchange Bank of Millersburg v. Moffett et al.

(Decided Nov. 9, 1934.)

[black redaction bar]

I. B. ROSS and JOHN P. McCARTNEY for appellant.

N. C. FISHER, DAVID D. CLINE and GEORGE BATTERTON for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

James S. Clark, a citizen and resident of Bourbon county, Ky., died intestate, in 1926, leaving surviving him eight children, one of whom, Lee Clark, qualified as administrator of the estate of decedent.

A few years previous to the death of the decedent, he loaned to his son D. E. Clark various sums of money for which D. E. Clark executed his promissory notes, to wit: In 1914, $1,200; 1921, $2,000; 1923, $1,000; and between the last-named date and November 6, 1925, various other sums aggregating the sum of $923.63—making a total sum of $5,123.63.

On November 6, 1925, D. E. Clark executed to his father his promissory note for the sum of $5,123.63, due 12 months from date, bearing interest at 6 per cent. per annum, which was in lieu of the total sum of all other notes above mentioned.

In January, 1922, D. E. Clark became indebted to the Farmers' Bank of Millersburg, Ky., in the sum of $2,700, evidenced by his note, which was transferred and assigned to the Farmers' Exchange Bank of Millersburg, Ky., the appellant herein. In 1933 the appellant filed its suit in the Bourbon circuit court against D. E. Clark on the note, and obtained a general order of attachment which was levied on the undivided one-eighth interest in real estate left D. E. Clark by his deceased father.

The other seven children and heirs at law of James S. Clark, deceased, including Lee Clark in his own right, and as administrator of the estate of his deceased father, filed their intervening and cross petition, in

which they alleged that, at the time D. E. Clark executed and delivered to decedent his note for $5,123.63, it was agreed and understood between D. E. Clark and the decedent that the sum represented in the note should be and was considered an advancement by decedent to his son D. E. Clark, and the note merely evidenced such advancement; that this advancement was in excess of D. E. Clark's one-eighth interest in his father's estate, which consisted of real property value of about $15,000 and personal property value of about $13,000, and that D. E. Clark's pro rata share of the estate was only $4,187.50, and, by reason of this advancement, D. E. Clark owned no interest in the land attached; and that all of said land was the property of the petitioners. A demurrer was filed to the intervening petition and cross-petition, and same as amended, which demurrer was overruled by the court. By subsequent pleadings, issue joined, and the cause was transferred to equity and the proof introduced in open court. At the conclusion of the evidence, the court adjudged that the appellant, plaintiff below, recover of D. E. Clark the sum of $2,700, but discharged the attachment levied on D. E. Clark's interest in the real estate of his deceased father, and further adjudged the $5,123.63 note was an advancement to D. E. Clark, and by reason thereof he owned no interest in the estate of his father, and that the property attached was the property of the petitioners.

It is insisted for appellant that the demurrer to the petition should have been sustained on the ground that the allegations of the petitioners show that the various sums of money loaned D. E. Clark by his father were at the time intended to be and was a debt, and that the $5,123.63 note was also a debt in lieu of the previous debts, and that such debt could not be changed to an advancement even by mutual agreement of the parties, and in support of this contention are cited Day v. Grubbs, 235 Ky. 741, 32 S. W. (2d) 327, 329, 72 A. L. R. 323, and other cases of like import.

It is a well-settled rule that a parent cannot by mere declaration to a third party exempt a child from being charged with an advancement chargeable by Statutes, nor make that an advancement which is not such by law. Day v. Grubbs, supra; Cleaver v. Kirk's Heirs, 3 Metc. 270. The statute describes what is an advancement, and a parent and child cannot agree that something shall not be an advancement that is fixed by

statute   But we are not advised of any law holding that a parent and child cannot contract to change a debt to an advancement.   A parent and child can contract with each other the same as any one else, provided such contract is not prohibited by law. Day v. Grubbs, supra. A loan to a child by a parent, though first intended to be a debt, may by contract between the parent and child be changed to an advancement, because it is not prohibited by the Statutes; while on the other hand the parent cannot make what the law constitutes an advancement, a gift or debt.   They can contract in accord with the Statutes, but not against its provisions.   We conclude, therefore, that the chancellor properly overruled the demurrer.

We now pass to consideration of the next question urged for reversal, to wit: The competency of the evidence of D. E. Clark, the only witness by whom appellees proved the alleged contract between the decedent and D. E. Clark that the last note executed covering all former indebtedness was to be an advancement.   It is insisted that D. E. Clark was a party in interest, and his testimony is prohibited under section 606, subd. 2, of the Civil Code of Practice, prohibiting any person from testifying to statements or transactions with a deceased person.   On the other hand, appellees insist that D. E. Clark was not a party in interest, and therefore his evidence was competent.

D. E. Clark was competent to testify unless he had an interest in the subject-matter, and such interest must be certain and direct and not merely remote or contingent.   Thevathan's Ex'r v. Dees' Ex'rs et al., 221 Ky. 396, 298 S. W. 975.   Upon the death of a parent or other ancestor, intestate, from whom a person may inherit property, title to the personal property vests in the representative of the estate subject to distribution, and title to real estate immediately vests in the deceased's heirs at law as provided by the statute of descent and distribution.   Smith & Ross v. Brogee's Adm'rs, 4 Ky. Law Rep. 447.   Thus it will be seen that upon the death of James L. Clark the title of his real estate immediately vested in his eight children, and, even though D. E. Clark had received an advancement (which question we do not decide), he was not thereby ipso facto divested of his interest in the real estate of decedent, nor were the other heirs vested with his share.

There had been no settlement of the estate at the time the appellants levied its attachment upon D. E. Clark's undivided interest in the real estate of his father, and the heirs of the estate and the bank were each creditors of equal dignity, and the levy of the bank's attachment gave it priority as against the claims of the heirs or other creditors of the estate. Smith v. Ross, supra. The note in controversy was, on its face, prima facie evidence of an indebtedness, and the burden of establishing it as an advancement was on the party or parties seeking to establish that it was intended as an advancement instead of a debt. Day et al. v. Grubbs, supra. In that case the consideration stated in the deed was that the grantee was to take care of her father during his natural life. It was sought by the other heirs to establish that the conveyance was an advancement and not a sale for the consideration recited in the deed. This court held that the burden was upon those seeking to impeach the recited valuable consideration of the deed. Then, by parity of reason, the same rule should apply to a note, and particularly so when it is interest-bearing, as was the note in question. It is conceded that D. E. Clark's one-eighth interest in his father's estate was only $4,187.50, and this sum, deducted from the note in question ($5,123.63), would leave him owing the estate a balance of approximately $936, and, in addition thereto, he sought to defeat the attachment lien of appellants on his real estate to which he was vested with title at the time of the levy of the attachment as above stated.

In New York Life Ins. Co. v. Johnson's Adm'r, 72 S. W. 762, 764, 24 Ky. Law Rep. 1867, there was involved a question similar to the one in the case at bar. The court said:

"As we understand the rule, the disqualifying interest must be direct and certain—one that would charge the witness with a liability or exempt him from one—but a mere uncertain, remote, or contingent interest would not disqualify one from being a witness."

In the case at bar, the witness, D. E. Clark, would be charged with a liability if the note in question was held to be a debt, but, on the other hand, he would be exempt from this liability to the estate if it were held to be an advancement. But appellees attempt to explain this situation by arguing that it was not to his interest.

to have the note treated as an advancement instead of a debt, because the heirs or other distributees of the estate had exercised their right of election to treat the note as an advancement, and would thereby be estopped to later assert or claim that it was a debt, and for this reason D. E. Clark would not be responsible to the other distributees for the difference between his one-eighth share of the estate and the amount of the note. But whether or not the other distributees would be barred or precluded from asserting such claim against him by reason of having exercised their right of election to treat the note as an advancement we need not decide, because that question is not before us. We cannot anticipate the rights or grounds of recovery they may have, and therefore we cannot prejudge a matter not now in controversy. In Alexander's Ex'rs v. Alford, 89 Ky. 105, 20 S. W. 164, 12 Ky. Law Rep. 363, in discussing the question of the competency of a person to testify as to statements or transactions with a deceased person, it is held the interest of the witness may be in equipoise, or he may be testifying against his interest, but this does not qualify him to testify as to a transaction with a decedent. See, also, Neale's Adm'r v. Neale, 36 S. W. 526, 18 Ky. Law Rep. 343.

But it is argued that the weight of authority is to the effect that a witness is not incompetent to testify as to transactions with a deceased person under section 606, subd. 2, of the Civil Code of Practice, unless the witness have a real direct and vested pecuniary interest in the subject-matter as stated in Trevathan's Ex'r v. Dees' Ex'rs, supra; Doty's Adm'rs v. Doty's Guardian, 118 Ky. 204, 80 S. W. 803, 26 Ky. Law Rep. 63, 2 L. R. A. (N. S.) 713, 4 Ann. Cas. 1064; New York Life Ins. Co. v. Johnson's Adm'r, 72 S. W. 762, 24 Ky. Law Rep. 1867; Hicks v. Oak's Adm'r, 233 Ky. 27, 24 S. W. (2d) 917. In support of appellee's contention that D. E. Clark's testimony was competent, it cites Farris' Ex'rs v. Blue, 226 Ky. 225, 10 S. W. (2d) 840. But it will be noticed that the witness in that case was held competent because his testimony tended to support a theory of the case which was against, not for, himself, within the meaning of section 606, subd. 2, of the Civil Code of Practice. Other cases cited and relied on by appellees are distinguishable from the facts in the case at bar. It is argued for appellee that the interest of the witness must be contrary to the interest of the representative of

the estate and citing Trevathan's Ex'r v. Dees' Ex'rs, supra. The language "against the representative of the estate" was incidentally used in that opinion in conformity to the facts of that particular case. The test, of the rule is: Has the witness an interest in the results of the action, and, if so, does his testimony tend to protect his interest? The rule is not limited to controversies with representatives of the estate of deceased persons. It may be applied in any instance where the witness is financially interested and his testimony tends to protect such interest. In Taylor v. Taylor, 217 Ky. 227, 289 S. W. 305, 306, we said: "Bailey (W. B.) Taylor, although a party to the action, is not testifying for himself, for he is not interested in who holds the notes, so far as appears in the record. Unless he has some interest in the result of the action, he may testify as to the acts of the decedent, or what he said or omitted to say, and so may the makers of the other note."

See, also, Noel's Adm'r v. Wilson, 152 Ky. 668, 153 S. W. 978.

Conceding that the weight of authority is to the effect that a witness is not disqualified under any and all circumstances to testify with reference to a transaction with a decedent, yet we know of no case holding that such witness may testify when he has a direct pecuniary interest in the result. of the action and his testimony tends to protect such interest.

The facts disclosed in this record, in light of the authorities herein cited, impel us to the conclusion that D. E. Clark had such interest in the results of this action as to disqualfy him as a witness, and the chancellor erred in considering his testimony.

The judgment is reversed and remanded for proceedings consistent herewith.

The whole court sitting, except Dietzman, J.