## Garthee et al. v. Belford.

April 23, 1940.

Harvey Parker, Jr., Judge.

J. D. Atkinson for appellants.

John F. Coldiron for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Reversing.

On April 23, 1926, James Garthee and his wife, Edith Garthee, executed and delivered to appellee, B. F. Belford, their joint promissory note in the sum of $1,456 due one year from date with interest at 6% per annum until paid, and to secure the payment of the note they executed a mortgage on certain real estate in Greenup, Kentucky. The interest on the note was paid annually, but no part of the principal was paid during the lifetime of James Garthee, who died in April, 1937. Soon after the death of Garthee, his son, Clarence Garthee, was appointed administrator of his estate.

In March, 1938, appellee, Belford, filed this action in the Greenup circuit court naming therein as party defendants, Edith Garthee and the children and heirs-at-law of James Garthee, seeking judgment on the note and a foreclosure of the mortgage on the real estate to secure the same.

The defendants filed their answer admitting the execution of the note and mortgage and plead that the note was executed in consideration of the loan by Belford to James Garthee in the sum of $1,400, and that the note is usurious to the extent of $56 which latter sum was added to the face of the note representing 4% interest on the $1,400 plus 6% interest stipulated in the

face of the note upon the entire sum of $1,456. They further alleged that on the 23rd day of April of each succeeding year after the date of the execution of the note, up to and including April 23, 1937, Belford had been paid and received from the decedent James Garthee, or his estate, the sum of $145.60 representing 10% interest on the face of the note, amounting to the total sum of $1,601.60 and that the said sum plus the sum of $56 appearing in the face of the note over and above the amount of money actually received by James Garthee was charged and exacted by Belford as interest upon the original sum of $1,400 loaned to the decedent James Garthee, and that to the extent that said payments have exceeded the annual legal interest upon the original sum of $1,400, such excess payments should be deducted from the principal sum on the date of the payments and interest on the balance charged the defendants at the rate of 6% per annum, between such payment periods, and that if that had been done, the balance owing to the plaintiff Belford upon said note would be the sum of $377.45, with interest thereon from the 23rd day of April, 1937, at 6% per annum.

Belford filed his reply traversing the allegations of the answer thus completing the issue.

The only evidence taken in the action was the depositions of the administrator, Clarence Garthee. His evidence tends to support the allegations of the answer. He testified in substance that after he had been appointed and qualified as administrator of his father's estate, Belford came to him and asked him if he knew about the mortgage against the property and he told Belford that he did not know about it but later went to the clerk's office and found the mortgage there of record. He said that Belford told him that the interest for the past year was then due or soon would be due and that the interest was $145.60. He asked Belford about the interest being so high when the mortgage only called for 6% interest and Belford said he had always collected 10% interest from the date the mortgage was made and further said that James Garthee received only $1,400 on the mortgage to start with. He then asked Belford if the $56 was not the 4% interest for the first year and he admitted that was a fact. He said he had further conversations with Belford in regard to the interest being so high and objected to paying 10% in-

terest, but Belford still insisted that he had always collected 10% and said that all he wanted at that time was his interest and was willing to carry the note and mortgage. The witness further said:

> "Well, I said, according to the mortgage and the interest I am paying you now you have collected more interest than the mortgage was in the first place and he (Belford) said, 'That probably is right, I haven't figured on it but I guess you are right.' "

The witness said he paid Belford the interest for the year April 23, 1936, to April 23, 1937, in the sum of $145.60. His check for that amount dated May 8, 1937, is filed with his depositions.

As stated above, this is the only evidence taken and it stands uncontradicted. The cause was submitted and the chancellor found in favor of Belford and adjudged that he recover of the estate of James Garthee the sum of $1,456 with interest thereon at the rate of 6% per annum from April 23, 1937, subject to a credit of $58.24 as of April 23, 1937. The court further adjudged that the mortgage be foreclosed and the lien enforced and the property be sold in satisfaction of the judgment. This appeal follows.

The chancellor delivered an opinion which is filed with the record and it appears from that opinion that he decided the case upon the question of the competency of the evidence of Clarence Garthee. The chancellor was of the opinion and so held that the evidence of Clarence Garthee was incompetent as being in violation of the provisions of Section 606 of the Civil Code of Practice. The chancellor held that so much of Clarence Garthee's evidence as pertains to the transaction he had with the plaintiff Belford in the payment of interest was competent (meaning the $145.60 paid by the administrator, evidenced by his check filed with the record), but found that the remainder of his evidence was incompetent as being concerning transactions made with a person deceased, which is prohibited under subsection 2 of Section 606 of the Code, supra.

We are unable to agree with appellee in his contention that any of the evidence of Clarence Garthee comes within the inhibition of the Code. Very obviously the witness testified to no statements or transactions with

the deceased James Garthee. All his evidence related to statements made to him by Belford and such statements being against Belford's interest they are competent evidence. In Sumrall's Ex'rs v. James et al., 221 Ky. 498, 299 S. W. 207, Sumrall sued the executors of the will of J. K. Sumrall and one of the defendants testified that shortly before the death of J. K. Sumrall the plaintiff C. M. Sumrall called at the home of the deceased and that in her presence, C. M. Sumrall told her husband that a certain amount only was due him, which sum the witness paid, and that thereafter in conversation with the plaintiff he told her that the debt due was the only one owing to him. Her evidence was held competent. See Huntsberry v. Smith's Adm'r, 121 Ky. 872, 90 S. W. 601, 28 Ky. Law Rep. 877, wherein it is held that Section 606 of the Civil Code does not rest the question upon the fact whether testimony may affect the *estate* of one who is dead, but whether it is in behalf of the witness testifying and concerning some act done, or omitted to be done, by the deceased person and that evidence which did not undertake to relate transactions with the deceased, but, bore in their material points upon things that occurred since, was competent.

In the present case the appellants plead and proved by the uncontradicted evidence of Clarence Garthee that Belford admitted that he had charged deceased usurious interest which deceased had paid to Belford. It is true the witness stated that *Belford* spoke of transactions he had with deceased but the witness did not undertake to testify to any transactions or conversations that he had with deceased, and the admissions made by Belford being against his interest and affecting him only, it follows that the evidence was competent.

Furthermore, there were no exceptions filed to the depositions of Clarence Garthee. Objections were noted to the evidence, but this alone was insufficient under Section 586 of the Civil Code of Practice. In the cases of Harrel's Adm'r v. Harrel, 232 Ky. 469, 23 S. W. (2d) 922, and Day v. Grubbs, 235 Ky. 741, 32 S. W. (2d) 327, 72 A. L. R. 323, cited in the notes under the section of the Code, supra, it is held that unless written exceptions be filed with the court, incompetency of evidence taken by means of depositions is waived regardless of the fact that during the taking of the depositions objections were made before the examiner. It follows therefore

had Clarence Garthee's evidence been incompetent, such incompetency was waived by the failure of appellee to file exceptions thereto.

Upon a return of the case to the court below, the court will set aside the judgment and purge the note of its usury by crediting the principal of the note with all usurious interest that has been paid, and which may appear in the face of the note, and enter judgment for the unpaid principal with interest from the proper date.

Wherefore, the judgment is reversed and remanded for proceedings indicated in this opinion.