## Proffitt v. Hardigree.

March 12, 1948.

Ray C. Lewis, Judge.

Charles C. Smith for appellant.

Murray L. Brown and J. M. Lyttle for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing.

This is an action for claim and delivery of a truck. The questions before us are whether the trial court

·properly excluded certain testimony and directed a verdict for the claimant.

The action is by the administratrix of the estate of A. B. Hardigree, in which she claims ownership of a truck by her intestate and her right to possess it. The defendant, George Proffitt, claimed the truck had been, purchased for and given to him by the deceased. Hardigree, who lost his life in January, 1946, was a man of several business activities in Clay County. He had no children and his nephew, George Proffitt, had lived or stayed with him the greater part of his life. There is no doubt that his uncle was very fond of him. The burden being placed upon the defendant, he introduced several witnesses by whom he proved that after he had returned from the army, his uncle expressed an interest in helping him and an intention to buy the young man a truck. He said to one of them that if he, Proffitt, "couldn't make it with that, he couldn't make it at all." They went to Louisville in December to get a truck from the government's surplus of war supplies. They found that it was necessary that Proffitt, a veteran, present his discharge papers. He had left them at home. They located George's brother, Thomas Proffitt, who was working in Louisville. The truck was purchased in Thomas' name and the bill of sale made to him. George Proffitt drove the truck to his father's home in Garrard County while Hardigree went up into Indiana. In a few days he took the truck to Clay County and thereafter used it continuously. The defendant proved by a number of witnesses that the deceased had told them he had bought the truck for George and given it to him. One witness had sought to buy or trade for the truck and Hardigree told him it belonged to George. When the suit was filed the title was still in the name of Thomas Proffitt, but he thereafter transferred it to his brother, George.

On the other side, it was proved that Hardigree had merely expressed a purpose to buy a truck and to employ his nephew to operate it. He and his wife mortgaged their home to secure a loan of $1,000 which added to his deposit and enabled Hardigree to take a cashier's draft for $2,500 to Louisville, from which payment of the truck was made. There is other substantial evidence to support the administratrix' claim.

While evidence of declaration of a purpose on the part of a person to make a gift to another is not alone sufficient, nor the mere possession of the chattel after the death of the claimed donor, when there is evidence of both factors and of delivery, as in this case, if it is accepted as the fact, the evidence is sufficient to sustain a gift inter vivos. Hale v. Hale, 189 Ky. 171, 224 S. W. 1078; Hays' Adm'rs v. Patrick, 266 Ky. 713, 99 S. W. 2d 805; Smith v. Gilligan's Adm'r, 276 Ky. 533, 124 S. W. 2d 798; Chipman's Adm'r v. Gerlach, 286 Ky. 157, 150 S. W. 2d 633. We are of opinion that the evidence required a submission of the issues to the jury.

Since there may be another trial, it is well to pass upon other questions raised on the appeal.

The defendant introduced Hardigree's father as a witness, but the court sustained the objection of the administratrix to his testifying on the ground that he was an heir of the decedent and interested, and was, therefore, barred by Sec. 606, Civil Code of Practice, from testifying as to any transaction or conversation with his son. It would be much more satisfactory for the determination of the point had there been an avowal as to what the witness would have testified. If he should have testified in his own favor, the party adversely affected, having put him on the witness stand, would have waived the disqualification. Hale v. Hale, supra; McCoy v. Ferguson, 249 Ky. 334, 60 S. W. 2d 931, 90 A. L. R. 891; Guthrie v. Foster, 256 Ky. 753, 76 S. W. 2d 927. If he should have testified against his own interest as an heir, then Section 606 did not bar him and he is qualified. Noel's Adm'r v. Wilson, 152 Ky. 668, 153 S. W. 978; Farmers' Exchange Bank v. Moffett, 256 Ky. 160, 75 S. W. 2d 1063; Jones on Evidence, Section 775.

The court also ruled Thomas Profitt to be disqualified. His proposed testimony is in the record as an avowal. He did not undertake to testify in his own behalf. At no time was there ever a claim made by himself or any one else that he owned any interest in the truck. He had merely consented to have it purchased in his name as a convenience. We think he was qualified and his proposed testimony competent.

Wherefore, the judgment is reversed.