Cordis DALTON, Appellant,

v.

Mrs. Jessie L. DALTON, Appellee.

Court of Appeals of Kentucky.

March 24, 1961.

Robert L. Gwin, of Gwin & Iler, Owensboro, for appellant.

T. W. Johnson, Clay, for appellee.

BIRD, Chief Justice.

Jessie L. Dalton during the lifetime of her husband signed his name to several checks and thereby withdrew several thousand dollars from his personal bank account, all of which was used to purchase United States Bonds payable to her husband and herself as co-owners. Her husband died intestate leaving his wife, Jessie, and his son, Cordis Dalton, as his heirs at law. The son charges in this action that the wife fraudulently executed the checks and wrongfully secured title to the bonds and that he is entitled, as an heir, to share in proceeds of the bonds.

The trial judge found as a matter of fact that the wife was guilty of no wrongdoing and entered a judgment in her favor. The son appeals.

It appears that this case has boiled down to one question. Was the wife prohibited under KRS 421.210(2) from testifying that the checks were written and the bonds purchased with the express authority of her husband?

■ On trial, the son called the wife as if under cross-examination and went thoroughly into every detail of the transaction except that he carefully avoided asking her if she had the authority of her husband to write the checks and buy the bonds. However, this part was furnished in due time when she was examined by her own counsel. The court, over the son's objection, permitted her to testify that she had her husband's authority to write the checks and buy the bonds. The son complains that she was thus permitted to testify concerning a transaction with her dead husband in violation of the provisions of KRS 421.210(2). The trial court held that he waived his objection by opening up the transaction on cross-examination. He contends that the testimony elicited on cross-examination concerned a transaction with the bank and not with the deceased husband. We do not agree. She was asked to testify in detail concerning the signing of the checks and the withdrawal of the husband's funds. This we believe constitutes a transaction with her husband only part of which was developed by the plaintiff. The wife, re-

gardless of KRS 421.210(2), was properly permitted to relate the remainder of the transaction. The right to object to her testimony was waived by the cross-examination of the widow. Martin v. Martin, 286 Ky. 408, 150 S.W.2d 696.

■ With her testimony and that of other witnesses, the court had sufficient competent evidence of substantive value to authorize the trial court's finding of fact. We therefore will not interfere with that finding on appeal. CR 52.01; Taylor v. Newman, Ky., 318 S.W.2d 407; Treitz v. Van Arsdale, Ky., 331 S.W.2d 734. The judgment is consistent with the finding.

Our examination of the record discloses no prejudicial error. The judgment is therefore affirmed.