**Ruth MERSHON, Administratrix of Paul Mershon, Appellant,**

v.

**Robert LAND, Appellee.**

Court of Appeals of Kentucky.

July 11, 1980.

James S. Sanders, Lancaster, for appellant.

Edward P. Roark, Lancaster, for appellee.

Before GANT, BREETZ and LESTER, JJ.

GANT, Judge.

In 1977, Paul Mershon allegedly entered into an oral contract with the appellee to raise a tobacco crop on the farm of appellee. He began to work the farm but appellee sold it to his children, who raised the 1977 crop. Paul Mershon brought this action for breach of contract but died prior to trial and the action was prosecuted by the appellant as administratrix.

After the jury was duly impaneled, the landowner objected to the use of his testimony or that of his wife to prove the contract, relying on KRS 421.210(2), the "Dead Man's Statute," as a bar to the testimony, which objection was sustained by the lower court. The court even refused the deposition of the wife which had been taken during the life of the tenant, in which she had outlined the terms and conditions of the oral contract. All this was manifest error, and we reverse.

KRS 421.210(2) provides, in appropriate part, that ". . . no person shall testify *for himself* concerning any verbal state-

ment of, or any transaction with . . . .. One who is . . . dead . . .".

Thus, we see that the statute provides no bar against witnesses testifying *against* their interest. Indeed, several Kentucky cases have held that a witness may *voluntarily* testify concerning conversations and transactions with the deceased. *See Noel's Administrator v. Wilson*, 152 Ky. 668, 153 S.W. 978 (1913); *Jefferson Woodworking Co. v. Mercke*, 222 Ky. 476, 1 S.W.2d 532 (1927); *Winston's Administrator v. Spinks*, 163 Ky. 251, 173 S.W. 753 (1915).

Clearly, if the statute does not protect voluntary testimony against one's interest, it should not protect similar testimony merely because it is involuntary.

It is also clear under Kentucky law that the person protected by the Dead Man's Statute may waive that protection. *See McCoy v. Ferguson*, 249 Ky. 334, 60 S.W.2d 931 (1933); *Dalton v. Dalton*, Ky., 344 S.W.2d 816 (1961); *Martin v. Martin*, 286 Ky. 408, 150 S.W.2d 696 (1941).

Lawson, *Kentucky Evidence Law Handbook*, § 11.15, sets out the rule succinctly when it states:

(A) Adverse testimony: The dead man's statute proscribes self-serving testimony, thus an interested witness is competent to testify about statements of, transactions with, or acts done or omitted to be done by a decedent, when that testimony is contrary to the witness's self-interest.

It is the opinion of this Court that an interested witness may not hide behind the statute if the person protected thereby seeks to elicit testimony by calling that interested witness to testify, where that evidence is or may be against the interest of the person so called.

The judgment is reversed and the case is remanded for further proceedings.

All concur.